GOODWIN VS. MERRILL.

A contract for the sale of wheat at a stipulated price per bushel, is entire, if the parties understand the delivery of the whole quantity to be a condition precedent to the payment of any part of the price.

But such a contract is apportionable if the parties contemplated a delivery in parcels, and that payment should keep pace with the delivery.

Where the contract is apportionable, the vendee becomes indebted to the vendor January Term,
    for each parcel as soon as it is delivered and accepted, without regard to any    **1861.**
    future breach or non-performance of the contract on the part of the vendor.
If the vendor fails to complete the delivery of the whole quantity sold, he be-    GOODWIN
    comes liable to the vendee for the damages caused by the failure, but he is    v.
    entitled to recover from the vendee the contract price of the wheat delivered,    MERRILL.
    after deducting the amount of such damages.

APPEAL from the Circuit Court for *Dodge* County.

*Goodwin* sued *Merrill* before a justice of the peace, for $75, a balance alleged to be due from the defendant for 535 bushels of wheat sold and delivered. The proof tended to show that the plaintiff had contracted to sell the defendant 1,000 bushels of wheat at a fixed price per bushel, and had delivered only 535 bushels, and had sold the residue to another person at a higher price. There was also evidence of acts and declarations of the parties tending to show that they understood that the wheat should be delivered in parcels, and that the price of each *load* of wheat should be payable when delivered. On appeal to the circuit court, the judge instructed the jury that if they found from the evidence that there was a contract on the part of the plaintiff to deliver one thousand bushels of wheat to the defendant, at a stipulated price per bushel, and that the plaintiff, after having delivered a part of the wheat, refused to deliver the residue, the plaintiff could not recover anything for the wheat delivered. The judge refused to instruct the jury, as requested by the plaintiff, that in such case the plaintiff was entitled to recover the contract price of the part delivered, less the damages sustained by the defendant on account of the plaintiff's failure to deliver the full amount sold.

Verdict and judgment for the defendant.

*F. Hamilton*, for appellant.

*Sloan & McFetridge*, for respondent.

*By the Court*, DIXON, C. J. The question presented is, whether the contract for the sale of wheat was entire or divisible. It was entire if the parties understood the delivery of the whole quantity bargained to be a condition precedent to the payment of any part of the price. It was divisible if they intended the payment to keep pace with the delivery.

    May 15.

In the former case, the payment of any part of the price depended on the entire delivery; in the latter, being apportioned by the parties, it followed the delivery and acceptance of each portion less than the whole. The contract was in its nature apportionable. The price of each bushel being fixed, there was no difficulty in ascertaining the price or value of each separate quantity delivered. It is evident that the parties contemplated a delivery in parcels, and not of the whole amount at one time. No specific provision as to the time and manner of payment was made. Under these circumstances, the presumption, according to some authorities, would be that the remuneration was to keep pace with the benefits accruing from each separate part performance. It is said that when it is doubtful whether the promises are dependent or independent, the courts have uniformly favored the former construction—that of dependent promises—as obviously the most just; that if the contract is in its nature separable, and such that the party may reasonably be required to pay a rateable sum on account of a partial performance, it will not, in the absence of a special agreement to that effect, be presumed that an entire sum was the price of an entire benefit; and that the vendor, in such cases, ought not to be compelled to part with his property without receiving the consideration, nor the vendee with his money, without an equivalent in return. In this case, however, it is unnecessary to resort to such presumption or rules of construction. The parties themselves have, by their subsequent conduct, given us their interpretation of the contract, and put it beyond doubt that they intended it should be severable. Their acts and declarations after it was made, show clearly enough that they understood that each *load* of wheat should be paid for when delivered and accepted. This was unquestionably their intention at first. The respondent, therefore, became indebted to the appellant for each load as soon as it was delivered and accepted, and that without regard to any future breach or non-performance, on the part of the appellant, of the contract for the delivery of the whole quantity bargained. And if upon such delivery and acceptance he refused to pay, he was liable to an action for the value ac-

cording to the price fixed by the contract. On the other hand, if the appellant neglected to fulfill as to the residue, he became liable for whatever damages the respondent sustained. The appellant should have recovered the balance due for the wheat delivered and accepted, after deducting therefrom the damages sustained by the respondent on account of the subsequent non-fulfillment of the contract, and the jury should have been so instructed.

Judgment reversed, and a new trial awarded.