## John Mount, Respondent, *v.* John L. Lyon et al., Appellants.

Defendant contracted to sell and deliver plaintiff, at Brooklyn, within three months, 400,000 brick at $10.50 per M. Defendants delivered 213,500 during the specified time. In an action to recover damages for the non-delivery of the residue,—*Held* (Peckham, J., dissenting), that the delivery of the entire quantity was a condition precedent of the right of defendants to demand payment, and the fact that, when they discontinued the delivery, plaintiff had not paid for those delivered was not an excuse for the non-delivery of the residue ; also, that it was not necessary, as a condition precedent to a right of action, for plaintiff to make a formal demand of the brick, and tender payment therefor at the place of delivery; that it was enough if he was ready and willing to receive and to pay on delivery ; nor was it necessary that plaintiff should have had, during the whole time specified, a sum of money on hand sufficient to pay the whole purchase-price ; it was sufficient if he had the means and resources at command which would have enabled him to pay if the brick had been delivered.

(Argued May 29, 1872; decided June 4, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought to recover damages for the breach of a contract for the delivery of a quantity of brick. On the 19th day of August, 1867, by contract in writing, defendants agreed to furnish to plaintiff, delivered at the corner of Fifth avenue and Twelfth street, Brooklyn, within three months, 400,000 North river hard brick ; price, delivered, $10.50 per M. Defendants delivered, under the contract, 213,500, and refused to deliver the balance. Plaintiff paid for those delivered about December 28, 1867. The referee gave judgment for the difference between the market value and the contract price at the expiration of the time for delivery, *i. e.,* November 19, 1867.

*J. T. Marean* for the appellants. Plaintiff was not entitled to recover without proving that, on the 19th November, 1867,

he was ready and willing to have paid for the brick on delivery. (*Morton* v. *Lamb*, 7 Term Rep., 125; *Waterhouse* v. *Skinner*, 2 B. & P., 447; *Rawson* v. *Johnson*, 1 East, 203; *Topping* v. *Root*, 5 Cow., 404; *Porter* v. *Rose*, 12 Johns., 209; *Peters* v. *Opie*, 2 Saunders, 350, note 3; *Cook* v. *Ferral's Admrs.*, 13 Wend., 285.) He must show, either that he had the money ready for tender or that he was at least in such a position that he could have obtained it at any moment. (*Rawson* v. *Johnson*, 1 East, 208; *Coonley* v. *Anderson*, 1 Hill, 519; *Bronson* v. *Wyman*, 8 N. Y., 182; *Vail* v. *Rice*, 5 id., 155.)

*Royal S. Crane* for the respondent. Ability and readiness to pay on delivery was sufficient, and this does not require direct proof, but may be maintained by circumstantial evidence. (*Vail* v. *Rice*, 5 N. Y., 155; *Bronson* v. *Wyman*, 8 id., 102; *Coonley* v. *Anderson*, 1 Hill, 519; *Porter* v. *Rose*, 12 Johns., 209; *Topping* v. *Root*, 5 Cow., 404; 5 Johns., 179; 2 id., 207; 7 T. R., 125; 1 East, 200; 2 Bos. & Pul., 447; 1 id., 320.)

Allen, J. There was a conflict of evidence upon the allegation of the defendants that the plaintiff had waived the performance of the contract by requesting the defendants not to deliver more brick under it, and the referee has found that issue against the defendants.

The contract was entire and indivisible for the delivery of a given quantity of brick, at a place specified, and within a limited time, to wit, within three months from the making of the agreement. The delivery of the entire quantity was a condition precedent to the right of the seller to demand payment for any part. No time of payment being fixed by the contract, the law makes the price payable upon the delivery of all the brick, and not before. (*Baker* v. *Higgins*, 21 N. Y., 397; *Husted* v. *Craig*, 36 id., 221.) The fact, therefore, that the plaintiff had not paid for those delivered prior to October, when the defendants discontinued the deliv-

ery under the contract, does not excuse the delivery of the residue. The plaintiff was not in default, and the defendants had no legal claim for payment for any part until the whole should be delivered.

The referee has found that the plaintiff fully performed his contract; that is, he was ready and willing to perform it by receiving and paying for the brick when they should be delivered during the time limited for that purpose. He has also found that the defendants having delivered a part of the brick, refused to deliver the balance.

The defendants did not deliver the brick within the three months given for that purpose, and on being requested after that time to do so, did not comply with the request, and in defence of this action alleged a waiver of performance by the plaintiff.

The evidence justified the finding by the referee of the refusal to perform by the defendants. It was not necessary as a condition precedent to a right of action for a breach of the contract that the plaintiff should make a formal demand of the brick and tender the pay therefor at the place of delivery. It is enough that he was ready and willing to receive the brick and pay for them on delivery. It is enough that the plaintiff was willing to accept and pay. (*Coonley* v. *Anderson*, 1 Hill, 519; *Vail* v. *Rice*, 1 Seld., 155; Hilliard on Sales, 507; *Bronson* v. *Wiman*, 4 Seld., 182.) It was not necessary that the plaintiff should have had during the whole of the three months, or on any day during that time, a sum of money in hand sufficient to pay for the whole quantity of brick called for by the contract. It was sufficient that he had the means and resources at his command which would have enabled him to pay had the brick been delivered. (*Bronson* v. *Wiman, supra.*) The only question propounded to the plaintiff on his cross-examination as a witness, which was of any materiality even on a cross-examination, which was excluded, was, whether, had the brick been delivered within the three months stipulated in the contract, he could have paid for them on delivery. The question, although the objection to it was

sustained by the referee, was immediately fully answered, and the ability and the means and resources of the party fully stated and explained in answer to questions put by the defendants' counsel. The same remark applies to all the questions put on behalf of the defendants to the plaintiff as a witness. They were all well and satisfactorily answered in the course of the examination. If there was error in the exclusion of evidence, it was cured by the subsequent reception of the same evidence in the course of the examination of the same witness.

The judgment should be affirmed.

All concur, except PECKHAM, J., dissenting.

Judgment affirmed.