By the Court.—Monell, Ch. J.
Several of the objections urged by the respondent’s counsel, upon the argument of the appeal, do not appear to have been taken at the trial, and as their force might have been lessened or destroyed by evidence, they can not now for the first time be raised.
These objections relate to the validity of the contracts, one of which, that the contract is void under the Statute of Frauds, I will notice.
The contract was for three thousand tons of plaster, not in bulk, or in a single cargo, but to be delivered in all the season running from the date of the contract, to the first or middle of the subsequent January. The contract was therefore divisible, and not only capable of a separate delivery, but a separate delivery was contemplated and intended by both parties.
A portion of the stone, three hundred tons, by the “Souvenir,” was delivered, “accepted and received under the contract, which brings it within the exception in the statute (Flanagan v. Demarest, 3 Robt. 173 ; Caulkins v. Hellman, 48 N. Y. 449 ; Talmage v. White, 35 Sup'r. Ct. 220).
The ground upon which the complaint was dismissed, was, that no sufficient demand and tender of performance by the plaintiff was shown, and the learned judge held, that such a demand and refusal should have been made at or after the close of the season. In that we think he was right. The vendors, the defendants, under the contract, were to deliver the stone in all the season, which gave them until the first or middle of January to complete the delivery.
The plaintiff seems to have regarded the contract as giving him an absolute right to the cargoes, per the “Kedron” and “Billy Simpson,” and has rested his claim to recover upon the defendants’ neglect or refusal to make delivery of those cargoes. But there is nothing in the contract upon which any such claim can be pre *282 dicated. The promise to ship the stone as- fast as the defendants could procure vessels, and that they had chartered the “ Kedron,” and would.inform the plaintiff of her arrival, did not in fact or effect transfer the cargo of that vessel to the plaintiff, nor give him the right to demand its delivery under the contract. It did not impair or lessen the time of performance, and the refusal or neglect to deliver those cargoes did not operate as a rescission of the contract by the defendant. They had still the right to go on, and from time to time, by any vessels or other vessels, make delivery down to the close of the season. And a tender from any of such other vessels, if made within the time limited for the delivery, would have been a sufficient compliance with the contract on the defendants’ part; and a refusal to accept such tender would have put the plaintiff in default.
Besides, if the refusal to deliver such cargo could work a rescission by the defendants, it at most would have subjected the defendants to damages for injuriously delaying the delivery. But it did not lay the foundation for damages for a non-delivery of the remaining quantity. The right to deliver during the season continued, and the defendants could not be put in default until the end of it; and then, as a necessary preliminary to his action, the plaintiff should have made his demand, and shown the defendants’ refusal (Newton v. Wales, 3 Robt. 453).
Another ground for the nonsuit, was that the plaintiff had not shown that he was ready and willing to receive and pay on delivery.
Such a readiness to receive, and ability to pay, might, and under some contracts will remove the necessity for a demand. That is especially so when the time and place of delivery is fixed by the contract (Mount v. Lyon, 49 N. Y. 552). But the rule can not apply where the contract requires the delivery to be at a place *283 to be designated by tlie vendee. Certainly not until the place has been designated.
In respect to the cargo by the “ Kedron,” the place for its delivery was designated, the plaintiff testifying that he would be at the place ready to discharge and pay for the cargo immediately on its being discharged. He did not, however, testify to any refusal, only to a neglect to deliver, and he did not say that he was afterwards at the place, ready and willing to receive and pay for the cargo.
But even if the plaintiff had brought himself within the rule, it would have applied only to the cargo of the “ Kedron,” and, if otherwise entitled to recover for the non-delivery of that cargo, it would still have left his cause of action incomplete for the remainder of the contract, and proof of readiness to receive and ability to pay as to such residue would have been essential.
It seems to be now well settled, that in an executory contract for the sale, and a future delivery of personal property, where the time and place of delivery are fixed, or are capable of being fixed, the vendee, to put the seller in default, must be ready and willing at the time and place, to receive and pay (Mount v. Lyon, supra, and cases there cited). As the court say in that case, it is not necessary that he should keep on hand during the whole time of the contract a sum of money sufficient to pay for the whole quantity. “It is sufficient that he had the means at his command which would have enabled him to pay.”
It is, therefore clear, even in respect to any right of action for the non-delivery of the “ Kedron’s” cargo, that the plaintiff failed to show the necessary facts to bring his case within the rule.
He did not show that he was at the designated place of delivery with the means to pay for the cargo.
Upon both grounds, therefore, the decision was correct.
*284 The judgment should be affirmed.
Curtis, J., concurred.