WHITE and another vs. LUEPS, Administrator.

*April 13 — May 10, 1882.*

EVIDENCE. *(1) Proof must follow pleading. (2) Relevancy of evidence.*

1. Where plaintiffs claimed, under an alleged *express agreement* with defendant's intestate, a certain percentage of a claim prosecuted by them against a railroad company, for their services as attorneys, evidence that the services were *reasonably worth* that amount was inadmissible.

2. Where plaintiffs had given some evidence of the agreement so alleged, it was error to reject evidence for defendant that the plaintiffs had instructed the witness to secure for them clients who had claims against the railroad company similar to that of said intestate, under an agreement that they would prosecute the same for a *less* percentage than that here claimed, and that witness saw the deceased, told him of this proposition, and induced him to go to plaintiffs for the purpose of having his suit prosecuted under that arrangement — such evidence having some tendency to show what was the actual agreement between plaintiffs and said deceased.

APPEAL from the Circuit Court for *Manitowoc* County. The plaintiffs, who were attorneys-at-law doing business as a firm, presented a claim for professional services against the

White and another vs. Lueps, Adm'r.

estate of Jacob Lueps, deceased, and filed a bill of particulars. The county court having allowed such claim, the administrator appealed to the circuit court, where the cause was tried by a referee, and upon his report judgment was rendered for the plaintiffs. The administrator appealed from such judgment. There were no formal pleadings. The case is further stated in the opinion.

The cause was submitted on the brief of *H. G. & W. J. Turner* for the appellant, and that of *J. S. Anderson*, of counsel, and *H. Sibree*, as attorney, for the respondents.

COLE, C. J.   In the bill of particulars the plaintiffs claimed $300, " *as per agreement at ten per cent.*" made with the deceased.   In other words, they claimed that there was a special contract as to the amount which they were to receive for their services in the suit prosecuted on behalf of Jacob Lueps against the railroad company.   It is very obvious that, if such a contract was made, it would regulate the amount which the plaintiffs were to receive for their services in that suit, regardless of the question whether it was a reasonable compensation or not.   The parties were confined to the terms of this special contract, and all testimony tending to show that $300 was a reasonable charge for the services rendered was improper.   The plaintiffs did not prove by any direct or positive testimony the special contract; but this might have been owing to the fact that Jacob Lueps was dead, and they could not testify as to their agreement made with him.   But still they counted on such an agreement, and gave such evidence to establish it as was within their power. To meet the case sought to be established by the plaintiffs, that they were to have ten per cent. of the amount collected of the railroad company, the defendant proposed to prove by the witness Klingholz that the plaintiffs, or one of them, had instructed him to secure for them clients who had similar claims against the railroad company under an agreement that they would prosecute such claims for ten per cent. on

all less than $1,000, and for five per cent. on all above that amount; and that witness saw Jacob Lueps and told him of this agreement with plaintiffs, and induced Lueps to go to them and have his suit prosecuted under that arrangement. This testimony was objected to as incompetent, and excluded by the referee. It seems to us the proposed testimony was proper and should have been received. It might have been sufficiently clear and satisfactory — if the defendant had been permitted to introduce it — to have justified the inference that the plaintiffs undertook to prosecute the claim of Jacob Lueps under that agreement. If so, they were really entitled to recover only five per cent. on this claim. It is quite true, the witness did not pretend that he was constituted an agent of the plaintiffs to make contracts with clients for professional services, and bind them by such contracts; but the witness did pretend to know what arrangement or agreement Lueps had with them in regard to carrying on his suit against the company, and that they had agreed to prosecute all claims of over $1,000 in amount for five per cent.; and it was proposed to show by the witness that he saw Lueps, informed him of this agreement, and induced him to go to the plaintiffs and have his suit prosecuted under it. Whether the witness went with Lueps, and was present at the conversations between him and the plaintiffs, so that he could testify to what contract was actually made, if any was in fact made, for carrying on the suit, or whether he was only instrumental in bringing the parties together, were, of course, matters which might affect the weight or conclusive character of his evidence, but did not render it incompetent. It seems to us the referee erred in excluding the proposed testimony, and that the circuit court should have refused to confirm his report for that reason. The testimony having been rejected, there is no other course to be pursued but to reverse the judgment and send the cause back for a new trial.

*By the Court.*— It is so ordered.