## SUPREME COURT.

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK agt. CHARLES H. LONGSTREET, impleaded, &c.

*New York (city of) — The exclusive right to establish and regulate ferries belongs to the corporation — What is such an interference with a ferry franchise as to authorize an injunction.*

A person running regular trips with a steamboat from One Hundred and Twenty-ninth street, North river, to Fort Lee, New Jersey, under a coasting license, when a ferry has been established from One Hundred and Thirty-second street to Fort Lee, is attempting to use a ferry franchise which the corporation of the city of New York has the exclusive right to grant; and an injunction will lie to restrain such persons from interference and competition with such ferry franchise.

*Special Term, June, 1882.*

The Mayor agt. Longstreet.

*W. C. Whitney* and *D. J. Dean*, for plaintiff.

*Scudder & Carter* and *G. A. Black*, for defendant.

LARREMORE, *J.* — On the 5th and 12th of June, 1881, the defendant above named, without plaintiff's license, ran the steamboat Osseo, of which he was master and owner, at stated intervals, to and from One Hundred and Twenty-ninth street, New York, and Fort Lee, New Jersey. The plaintiff had previously established a ferry and granted a license thereof from One Hundred and Thirty-second street, New York, to said Fort Lee, and now seeks an injunction restraining the defendant from interference and competition with such ferry franchise.

The defendant claims the right to run his boat under a coasting license granted pursuant to the laws of the United States.

Two questions are thus presented for determination:

*First.* Is the defendant attempting to use a ferry franchise?

*Second.* Has the plaintiff an exclusive right to grant the exercise and enjoyment thereof?

The evidence fully sustains an affirmative answer to the first inquiry. The "Osseo" made regular trips from one side of the river to the other, thereby interfering with plaintiff's exclusive right to run a ferry from the city of New York to the New Jersey shore, at Fort Lee (*See Elizabethport and N. Y. Ferry Co.* agt. *U. S.*, 5 *Blatch.*, 198; *Midland Ter. and Ferry Co.* agt. *Wilson*, 28 *N. J. Eq.*, 537).

The second proposition involves the consideration of a more delicate matter.

By the Dongan and Montgomerie Charters of 1686 and 1730 the sole, full and whole power of appointing ferries around Manhattan Island to Nassau (Long) Island, and also to any of the opposite shores, was granted to the "mayor, aldermen and commonalty of the city of New York," and their successors, forever (1 *Kent's Charter*, 15, 17, 98).

The validity of this municipal right has repeatedly received judicial recognition (*Costar* agt. *Brush*, 25 *Wend.*, 628; *Benson* agt. *The Mayor, &c.*, 10 *Barb.*, 223; *The Mayor, &c.*, agt. *N. Y. and N. E. Transfer Co.*, 14 *Blatch.*, 159; *Same* agt. *N. Y. and Staten Island Ferry Co.*, 8 *Jones & Spencer*, 232, 300).

The right to establish or regulate ferries is not included in the power ceded to the federal government to regulate commerce * * * among the several states (*Const. U. S.*, art. 1, sec. 8; *Conway* agt. *Taylor's Exrs.*, 1 *Black*, 603; *Fanning* agt. *Greggoire*, 16 *How.* [*U. S.*], 524; *People* agt. *Babcock*, 11 *Wend.*, 586; *Freeholders Hudson Co.* agt. *The State*, 4 *Zab.* [*N. J.*], 718).

It is unnecessary to elaborate upon this point. The cases above cited establish the principle that a ferry franchise is the subject of state or municipal legislation and not of federal authority.

It is urged, however, that this state, in the exercise of its supreme sovereignty, by the act of May 14, 1845 (*Session Laws*, 1845, *chap.* 352), assumed, or, as it has been phrased, usurped the right of the plaintiff to license and regulate future ferries.

Whatever may have been the legal effect of that act, I subscribe to the decision, in *The People* agt. *The Mayor, &c.* (32 *Barb.*, 102), that it was repealed by the new charter of 1857, whereby the plaintiff was restored to its original rights as specified in the ancient charters.

The plaintiff is entitled to a permanent injunction against the defendant.