Boutin and others, Appellants, vs. Lindsley and another, Respondents.

*March 24 — April 11, 1893.*

*Contracts: Entirety: Part performance:* Res adjudicata.

1. A contract by tug-owners to tow a certain quantity of logs is an entirety, and part performance does not give them a right to recover thereon.

2. In an action against the tug-owners for damages by reason of their neglect to perform such contract, they pleaded a full performance, but judgment went against them. *Held,* that it thereby became *res adjudicata* that they did not fully perform the contract on their part. If a partial performance, which they also pleaded, ought to have been considered for the purpose of lessening the plaintiffs' damages, it will be presumed that it was so considered.

3. But the judgment in that action is not a bar to a subsequent action by the tug-owners based on services rendered by them in connection with the logs, not embraced in the contract nor alleged in their answer in such former action. The fact, if such is the fact, that those services were rendered necessary by their breach of the contract involved in that action, is a matter of defense to be proved.

APPEAL from the Circuit Court for *Ashland* County. The facts are sufficiently stated in the opinion. The plaintiffs appeal from a judgment in favor of the defendants.

For the appellants there were briefs by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

For the respondents there was a brief signed by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

ORTON, J. The complaint of the plaintiffs, as copartners, against the defendants, as copartners, states, in effect, the following facts: The defendants are indebted to the plaintiffs in the sum of $218 for services performed at their special instance and request in towing and working upon certain pine saw logs, between May 1 and June 16, 1891, said labor consisting in towing 545,000 feet of said logs

from Madeline Island to the city of Ashland, at eighteen cents per 1,000 feet, the price agreed upon, and in holding onto and waiting for a raft of logs at Madeline Island for the space of forty-eight hours with a tug, which service was worth $2.50 per hour.

The answer stated, in effect, the following facts, after a general denial: It was agreed between the parties in the spring of 1891 that, if the defendants would raft about 1,100,000 feet of logs owned by them on Big Bay, Madeline Island, ready for towing as soon as the ice would permit in the spring, the plaintiffs would furnish all necessary boom sticks and chains, and give said logs constant personal attention, and see that none were lost by reason of the weather, and immediately upon the rafting thereof will, without delay, tow said logs to the boom of Shores Lumber Company, at the city of Ashland, for eighteen cents per 1,000 feet. The defendants performed their part of the contract, and notified the plaintiffs thereof, but the plaintiffs utterly neglected and failed to perform their part of the contract, and neglected to tow or care for said logs, although there was sufficient time and suitable weather immediately after such rafting to allow them to transport and safely boom said logs in Ashland, as agreed. The plaintiffs allowed said logs to remain in said raft where boomed for a long time, and, solely by their neglect and failure to perform their contract, a large portion of said logs, without any fault of the defendants, was lost, and they were compelled to boom and raft said logs several times at considerable expense and cost; and on account of such failure to perform by the plaintiffs the defendants were obliged to employ another tug to do said towing, and expended $500 in rebooming and rerafting said logs, and in towing the same, and for lost logs. The defendants brought suit against the plaintiffs in the circuit court of Ashland county about the 9th day of July, 1891, to

recover damages for the logs and timber lost as aforesaid, and for the expense of rebooming and rerafting said logs, and hiring another tug to perform said towing, by reason of plaintiffs' neglect to perform their contract. The plaintiffs appeared in said action, and answered that they towed to Ashland all of said logs remaining at Madeline Island on June 15, 1891, a portion of the logs having been previously towed by other persons; and that the defendants assumed the risk incident to said work,— the risk of delay or loss resulting from storms, winds, and unfavorable weather; and the plaintiffs performed all the conditions of said contract. The place of the trial of said action was changed to Douglas county, and judgment was entered in said action prior to the commencement of this suit, in favor of the defendants and against the plaintiffs here, on the 20th day of April, 1892, for the sum of $247.91 damages, and $122.81 costs; and plaintiffs were, by the direction of the court, allowed for the full amount of their charges for such towing in said action. Said judgment was pleaded in bar of this action.

The judgment roll in said action was admitted in evidence as matter in bar of this action. Both actions appear to have been brought upon the same contract. The defendants here brought the former action for damages arising from a breach of it by the plaintiffs here, and the plaintiffs bring this action for the contract price of its performance. There can scarcely be any controversy as to what the contract really was, and there is as little question but that it was an *entire* contract. The plaintiffs could not recover in this action without proving a full compliance with it on their part. They were to tow a certain quantity or lot of logs from the place where they were rafted to Ashland for eighteen cents per 1,000 feet. *McDonald v. Bryant*, 73 Wis. 20, and cases cited in the opinion. The plaintiffs in the former action set out the contract in their

complaint, as they have also set it out in their answer in this case; and the plaintiffs here, as the defendants in the former case, not only did not deny its terms, but averred a full performance of it on their part, and they had a right to show it in defense of that action. But they did not so prove, and the plaintiffs in that action recovered damages for its breach by them. It is therefore *res adjudicata* that they did not perform on their part, and that of itself would bar their recovery in this case. *Eastman v. Porter*, 14 Wis. 39.

It is also stated in the answer in the former case "that the defendants towed to Ashland, June 15, 1891, all of said logs then remaining at Madeline Island, a portion of the logs having been previously towed by other persons." If this averment can be construed as alleging a partial performance of the contract beneficial to the plaintiffs in that action, the value of which ought, in equity, to be deducted from the plaintiffs' damages, or be made to lessen the amount of their damages, then we must presume that they were so considered and adjusted in that case. *Butler v. Suffolk Glass Co.* 126 Mass. 512; 2 Suth. Dam. 466; *Richardson v. Woehler*, 26 Mich. 90; *Fisk v. Tank*, 12 Wis. 276; *Knapp v. Runals*, 37 Wis. 135; *Dickson v. Cole*, 34 Wis. 621; *Nash v. Hoxie*, 59 Wis. 384; *Taylor v. Read*, 4 Paige, 561; *Ives v. Van Epps*, 22 Wend. 156; *Emery v. St. L., K. & N. W. R. Co.* 77 Mo. 345. But whether this part performance was made to lessen the plaintiffs' damages in that case or not, such part performance could not be made the basis of an action, or entitle the plaintiffs to recover in this action. Nothing less than a full performance of an entire contract would constitute a cause of action.

The circuit court ruled that the former adjudication and recovery barred the plaintiffs' action, and on motion of the defendants directed the jury to find a verdict for the defendants, and judgment was rendered accordingly, from

which the plaintiffs have appealed to this court. The court must have overlooked a part of the plaintiffs' complaint. The complaint alleges, first, an indebtedness "for towing 545,000 feet of logs from Madeline Island to the city of Ashland, at eighteen cents per thousand feet, the price agreed upon;" and then follows this allegation: "And in holding onto and waiting for a raft of logs at Madeline Island for the space of forty-eight hours with a tug, which service was reasonably worth $2.50 per hour." If the court had limited its ruling and direction to the matters of the contract, it would have been correct. This charge was clearly not involved in the former suit. It was outside of the contract. *Frank Boutin*, one of the plaintiffs, testified that he held on and waited with the tug forty-eight hours at the request of *Mr. Dryden*, one of the defendants, and it was proved to be worth $2.50 per hour. The learned counsel of the respondents contend that this was not a proper charge against the defendants, because this waiting with the tug was made necessary by the plaintiffs' negligence and nonperformance of this contract, and was involved in the other suit. But this service was not alleged in the answer in the former case, and that it was made necessary by the fault of the plaintiffs has not been shown or found by the jury, and is yet a question in the case. It cannot be said to be within the contract, or a consequence of its breach, without proof of it as a fact. It was a separate and distinct charge in this case for the first time. It should have been excepted from the verdict directed by the court, and submitted to the jury. For this obvious error the judgment must be reversed and a new trial ordered. The other exceptions on the trial are immaterial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.