WIDMAN, Plaintiff in error, vs. GAY, Defendant in error.

*September 27 — October 20, 1899.*

*Entire contract: Partial payment.*

A written contract by which plaintiff sold to defendant all the dirt on certain lots above a specified grade at six cents per cubic yard, and defendant agreed to remove it before a certain date, weather permitting, and to level up the lots and redistribute the black earth on the surface, is *held* to be an entire contract; and the making of a partial payment as the work progressed, which was not shown to have been at all proportional to the dirt removed or to have been intended otherwise than as an advance generally upon the gross sum ascertainable and payable only after full completion, does not indicate a contrary understanding by the parties.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

February 15, 1897, the parties entered into a written agreement by which the plaintiff agreed to sell to the defendant "all of the dirt on lots [described] above a certain grade, indicated by stakes on the corners of said lots, being 2,000 yards, more or less, at six cents per cubic yard. Party of the second part [defendant] agrees to remove said dirt from said lots by April 15th, weather permitting." Defendant also agreed to level up the lots and redistribute the black earth on the surface. Defendant proceeded to remove said earth, and continued, with more or less interruption, claimed by him to be due to the weather, until about April 27th, when, having removed about two thirds of the whole amount, the plaintiff forbade him further access to the lots, and sold the balance of the earth to some one else. Defendant had removed at that time somewhere from 1,200 to 1,700 cubic yards, varying according to witnesses' measurements, and had paid the plaintiff $70, whether in instalments or at what time does not appear. Plaintiff brought suit to recover: first, the balance of the contract price of the earth actually

taken by defendant; second, the expense of leveling up the lots and black dirt; and, thirdly, damages resulting from inability to erect and use a greenhouse on the premises as early as if the earth had been removed by April 15th.

The court submitted to the jury substantially the following questions of fact: First, whether the defendant had breached his agreement by failing, without excuse from weather, to remove the earth within the time specified, so as to justify a termination of the agreement by the plaintiff; secondly, if not so in breach, was he prevented from fully completing his contract, and from obtaining all of the earth agreed to be sold him, by the acts of the plaintiff? The jury were instructed substantially that unless the defendant had so broken his agreement the plaintiff was not entitled to recover anything, either for earth taken by the defendant in excess of the $70 paid, or for either of the other elements of damage, and that, if defendant had broken his agreement, plaintiff would be entitled to recover the two elements of damage, namely, the price of the earth not paid for, and the cost of leveling the lot. The jury rendered a verdict for the defendant, on which judgment for costs against the plaintiff was entered, to review which plaintiff sues out writ of error.

For the plaintiff in error there was a brief by *Bird, Rogers & Bird,* and oral argument by *E. Ray Stevens.*

*Frank M. Wootton,* for the defendant in error.

DODGE, J. The principal error assigned consists in the fact that the circuit court construed the contract as entire, and denied recovery for the earth actually taken in case the jury found that plaintiff prevented removal of the whole without breach on defendant's part. An entire contract is one where, in the intention of the parties, full and complete performance on the one side constitutes the consideration for performance on the other. It is not necessary that the price named shall be a lump sum. It may be measured

by quantity or by units. *Boutin v. Lindsley*, 84 Wis. 644; *Warehouse & Builders S. Co. v. Galvin*, 96 Wis. 523. Nor is it essential that, by the terms of the contract, actual payment is to be postponed until after full completion, if earlier payments are merely advancements upon the whole price, and not ratable payments for performance of several and distinct parts, as in *Goodwin v. Merrill*, 13 Wis. 658. It suffices that full performance is the consideration of the price to be paid, and earlier actual payments on account of the full price are not necessarily inconsistent with entirety. *Cohn v. Plumer*, 88 Wis. 622; *Green v. Hanson*, 89 Wis. 597; *Mount v. Lyon*, 49 N. Y. 552. We are constrained to the conclusion that this contract was entire. In terms, it relates to *all* the earth above a specified level. The amount was not great, and ascertainment of amount taken at various intervals would have been inconvenient and burdensome. There is no intimation in the contract that any part or share was to be paid for before the whole had been taken, and part of the price, viz. the leveling up of the lot and distribution of black earth over the surface, was incapable of performance until after complete delivery. All these things indicate the intention and understanding of the parties to contract for a single and completed piece of work. The payment of $70, much urged by plaintiff in error, is in no wise inconsistent with such understanding. It is not shown to have been at all apportioned to the earth removed from time to time, or to have been intended otherwise than as an advance generally upon the gross sum ascertainable and payable only after full completion.

The other errors assigned relate wholly to the other elements of damage to which plaintiff might be entitled upon defendant's breach of the contract. Any such breach having been negatived by the verdict, and no such damages, therefore, being recoverable, any errors with reference thereto are immaterial.

*By the Court.*— Judgment affirmed.