PRAUTSCH, Appellant, vs. RASMUSSEN and another, Respondents.

*September 27—October 15, 1907.*

*Entire contract: Breach: Counterclaim.*

1. A contract whereby plaintiff agreed to furnish defendants approximately 2,000 cubic yards of crushed stone for a certain sum per cubic yard is an entire contract, requiring full performance before payment of the consideration is due, notwithstanding the fact that it did not provide for payment in a lump sum, but for measurement of the consideration by quantities or units.
2. In an action for the price of the first 425 cubic yards of crushed stone furnished under a contract whereby plaintiff agreed to furnish defendants approximately 2,000 cubic yards for an agreed price per cubic yard, where defendants counterclaimed for the additional price they were compelled to pay for the remaining 1,575 cubic yards, after plaintiff had refused to furnish more unless payments for stone already delivered on the contract were made, a judgment allowing the counterclaim is affirmed.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

This is an action to recover a balance of $169 alleged to be due on the purchase price of 425 yards of crushed stone at fifty-eight cents per cubic yard. The defendants counterclaimed for an alleged breach of the contract under which the stone was sold. It appeared that the plaintiff owned a stone quarry and the defendants were building contractors. On the 23d day of November, 1904, plaintiff made a written contract with the defendants by which he agreed "to furnish to parties of the second part approximately two thousand cubic yards of crushed stone loaded into wagons at the quarry," answering certain specifications, "for the sum of fifty-eight cents per cubic yard. Party of the first part further agrees to furnish party of the second part fifty yards per day until order is filled." It further appeared that the

stone was to be used to construct a part of a certain bridge, and that 425 yards of stone were furnished by the plaintiff prior to February 1st, when, after some minor disagreements between the parties, the plaintiff demanded payment of some money on the contract, which defendants refused, whereupon the plaintiff declined to furnish any more stone, and that at this time the market price of crushed stone had advanced to seventy-five cents per cubic yard, and the defendants were compelled to pay that price for the remaining 1,575 yards to complete their bridge contract.   Upon these facts, which appeared either by undisputed testimony or were established by a special verdict, the court held the defendants entitled to recover as damages the increased price which they were compelled to pay for the balance of the stone contracted for, and rendered judgment on the counterclaim in their favor for the excess of such damages over and above the purchase price of the 425 yards actually delivered.   From this judgment the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Barbers & Beglinger.*

For the respondents there was a brief by *Bouck & Hilton* and *John F. Kluwin,* and oral argument by *Mr. Kluwin.*

WINSLOW, J.   In a number of cases in this court contracts which in all essential features were like the contract in question have been held to be entire contracts, requiring full performance before payment of the consideration is due, notwithstanding the fact that the contracts did not provide for payment in a lump sum, but for measurement of the consideration by quantities or units.   *McDonald v. Bryant,* 73 Wis. 20, 40 N. W. 665; *Boutin v. Lindsley,* 84 Wis. 644, 54 N. W. 1017; *Warehouse & B. S. Co. v. Galvin,* 96 Wis. 523, 71 N. W. 804; *Widman v. Gay,* 104 Wis. 277, 80 N. W. 450.   See, also, *Baker v. Higgins,* 21 N. Y. 397; *Mount v. Lyon,* 49 N. Y. 552; *Shinn v. Bodine,* 60 Pa. St. 182;

*Cherry Val. I. Works v. Florence I. R. Co.* 64 Fed. 569. The question hardly seems to be an open one in this court. It is true that in *Goodwin v. Merrill,* 13 Wis. 658, a contract for the sale of a given quantity of wheat at a certain price per bushel was held divisible because the parties by their subsequent conduct had so construed it and had "put it beyond doubt that they intended it to be severable," but there was no such conduct in the present case. On the contrary, such acts of the parties as are brought out by the evidence rather tend to refute the idea that either party expected that ratable payments were to be made as the stone was delivered.

This consideration renders it certain that there is no error in the judgment of which the plaintiff can complain.

*By the Court.*—Judgment affirmed.