NATIONAL KNITTING COMPANY, Respondent, vs. BOUTON & GERMAIN COMPANY, Appellant.

*November 12—December 7, 1909.*

*Contracts: Entirety: Intention: Sales.*

A contract for the sale of goods—in this case a quantity of gloves of different kinds at fixed prices—which is naturally severable will not be held entire, in the absence of express or implied provision to that effect therein, or persuasive circumstances showing intention of the parties to make it entire.

APPEAL from a judgment of the municipal court of the city and town of Ripon: J. J. FOOTE, Judge. *Affirmed.*

The plaintiff corporation is a manufacturer and dealer in knitted goods at Milwaukee, and the defendant corporation is a jobber in the same line of goods at Ripon. In November, 1905, the defendant ordered of the plaintiff, in writing, a quantity of gloves of different kinds at fixed prices, aggregating $322.86, delivery to be made in the following May, bill to be dated as of November 1, 1906, payable in thirty days. The order was accepted, and in April the plaintiff delivered the greater part of the goods ordered, but never delivered one item of eighteen dozen gloves and another item of six dozen gloves. The plaintiff sues to recover for the goods actually delivered at contract prices. The defendant contends that the contract is entire, and hence that nothing is due, because the contract has never been fully performed. The defendant also sets up a counterclaim for damages because of nondelivery of said two items, in case the court should hold the contract to be severable. The trial court held the contract to be severable, and awarded judgment for the plaintiff for the contract price of the items delivered, less damages, consisting of the loss of profits on the items not delivered. From this judgment defendant appeals.

For the appellant there was a brief by *Carter & Pedrick,* and oral argument by *S. M. Pedrick.*

*Leo Torbe,* for the respondent.

Winslow, C. J.    We think that the business world would be astonished to learn that whenever an order for a bill of merchandise is accepted the contract thus made is entire, and requires delivery of every article before there can be recovery of any part of the purchase price.    Such would be the practical effect of the defendant's contention here, if it should be upheld.    We cannot so hold.    The question of entirety is a question of intention; severability of the subject matter and measurement of consideration by units may assist in determining, but do not of themselves necessarily determine, the question.

In case of a contract naturally and accurately severable (such as a contract for the sale of a bill of goods at certain prices for each article), courts incline to hold the contract severable, and to grant a recovery for that portion of the goods actually delivered, less damages for the nondelivery of any portion not delivered.    Under all ordinary circumstances this course will result in exact justice.    The vendor will receive pay for his goods which the vendee has retained, and the vendee will receive compensation for any damage which he has actually suffered.

If, however, it appears by express terms or by necessary implication from the terms of a contract that the intention of the parties was to make payment of the consideration depend upon delivery of all the articles, the contract will be held entire, though the consideration may be measured in units and be actually severable.    *Goodwin v. Merrill,* 13 Wis. 658; *Shinn v. Bodine,* 60 Pa. St. 182.    Thus, when a contract required the delivery of 2,000 yards of crushed stone for the purpose of building a bridge, it was held to be entire, notwithstanding the payment was to be at a certain rate per yard.

*Praütsch v. Rasmussen,* 133 Wis. 181, 113 N. W. 416. So contracts to tow a given quantity of logs at so much per thousand feet, and to carry 5,000 barrels of salt at so much per barrel, have been held entire, upon the idea that the terms of the contract, in the light of the surrounding facts, showed that the parties evidently intended to contract for one entire job, and only used the unit of measurement of the consideration for convenience and not as indicating any contemplation of severability. *Boutin v. Lindsley,* 84 Wis. 644, 54 N. W. 1017; *Warehouse & B. S. Co. v. Galvin,* 96 Wis. 523, 71 N. W. 804. See, also, *Widman v. Gay,* 104 Wis. 277, 80 N. W. 450.

The principle here decided is that contracts for the sale of goods like the present, which are naturally severable, will not be held entire contracts, in the absence of express or implied provision to that effect in the contract, or persuasive circumstances showing the intention of the parties to make it entire.

*By the Court.*—Judgment affirmed.