NEW RICHMOND ROLLER MILLS COMPANY, Appellant, vs. ARNQUIST and another, Respondents.

*October 8—November 4, 1919.*

*Frauds, statute of: Part performance of single contract: Sales: Damages on refusal to deliver: Question for jury: Nominal damages.*

1. An oral sale, as one transaction, of specified quantities of wheat and barley at different prices per bushel, was a single contract and, under sec. 2308, Stats., delivery of the wheat took the whole contract out of the statute of frauds.

2. Where there was some evidence of substantial damage from a
   seller's breach of contract, the amount was a question for the
   jury.
3. A buyer is in any event entitled to nominal damages for the
   seller's refusal to deliver, and a nonsuit was improperly
   granted.

APPEAL from a judgment of the circuit court for St.
Croix county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *McNally & Doar*
of New Richmond, and oral argument by *W. T. Doar.*

For the respondents there was a brief by *Varnum & Kirk*
and *O. W. Arnquist* of Hudson, and oral argument by *N. O.
Varnum.*

KERWIN, J.   This action was brought to recover damages
for failure to deliver 900 bushels of barley under an alleged
contract of sale.   The evidence shows that the parties en-
tered into an oral agreement for the purchase by the plaint-
iff from the defendants of about 136 bushels of wheat at an
agreed price of $2.10 per bushel, and 900 bushels of barley
at $1.20 per bushel; that defendants delivered and plaintiff
accepted and received under the contract the wheat pur-
chased, being 136 bushels and ten pounds, but defendants
refused to deliver the barley.

The court nonsuited the plaintiff on the ground (1) that
the contract for delivery of the barley was void under the
statute of frauds, and (2) that no damages had been proved.

The contention of respondents in support of the nonsuit
is that because the price of wheat and barley was fixed the
contract was severable and that the delivery of the wheat
did not take the agreement for the sale of the barley out of
the statute of frauds.   In support of this proposition coun-
sel for respondents relied upon *Nat. K. Co. v. Bouton &
Germain Co.* 141 Wis. 63, 123 N. W. 624.   The case does
not support respondents' contention.   The statute relied

upon by respondents, sec. 2308, provides: "Every contract for the sale of any goods, chattels or things in action for the price of·fifty dollars or more shall be void unless: (1) ... (2) Unless the buyer shall accept and receive part of such goods or the evidences or some of them of such things in action."

The contract under consideration in this case was one transaction. It was a contract for the purchase of wheat and barley, and the fact that the price of each was fixed did not make separate contracts. It was one single transaction and one contract of purchase, hence the delivery of part of the property purchased took the case out of the statute. *Gano v. C. & N. W. R. Co.* 66 Wis. 1, 27 N. W. 628, 838; *Weeks v. Crie,* 94 Me. 458, 48 Atl. 107. In the *Weeks Case* there was an oral agreement to sell a certain amount of hake at $1.65 per kettle and herring at $4.25 per barrel. The herring was delivered and paid for according to agreement and the defendants refused to deliver the hake. The court held that there was but one contract for both herring and hake and the delivery and acceptance of the herring took the hake out of the statute, and whether the negotiations constituted one contract or more was a question of fact which should be submitted to the jury.

In the case at bar there is no dispute in the evidence on the point of whether the negotiations constitute more than one contract. The evidence shows without dispute that it was one separate transaction and constituted but one contract.

We are also satisfied from the evidence that the. court below was in error in holding that no damages were proved. There was some evidence in the case of substantial damage and the amount thereof was a question for the jury. But in any event the plaintiff proved a breach of contract and it was entitled to nominal damages, and the nonsuit was improperly granted even if only nominal damages had been shown.

State ex rel. Ingold v. Mayor, etc. 170 Wis. 133.

Some contention by counsel for respondents is made that a tender of the barley was made. This claim is wholly without merit and no discussion of the question is necessary. We are convinced that the court below erred in granting a nonsuit, therefore the judgment must be reversed.

*By the Court.*—Judgment of the court below is reversed, and the cause remanded for a new trial.