ESTATE OF ANDRUS: SCHULTZ, Respondent, vs. ANDRUS, Administratrix, Appellant.

*September 13—October 10, 1922.*

*Executors and administrators: Claims against decedent: Services by near relative: Presumption: Entire contract: Breach: Recovery on quantum meruit.*

1. Where one renders valuable services for another, a contract to pay a reasonable value for such services will generally be implied; but where near relatives by blood or marriage reside as a common family, and one renders services to another who furnishes board and lodging or other necessaries, a presumption arises that neither party intends to receive from or pay compensation to the other.
2. An agreement wherein deceased engaged to pay claimant $5 a week if she remained with him as housekeeper as long as he lived was an entire contract, and where claimant left the employ of deceased prior to his death she failed to perform her contract and cannot recover in an action based' upon express contract.
3. Where a valid express contract is proven, no recovery can be had on an implied contract.
4. The claim filed against the decedent being based on 'an entire contract which was breached by the claimant, under the evidence in this case no recovery can be had on *quantum meruit.*

APPEAL from a judgment of the county court of Dodge county: E. H. NABER, Judge. *Reversed.*

The appeal is from a judgment in favor of the claimant and against the estate for the sum of $353.50 damages and costs.

During the years 1911 to 1916 the deceased Andrus, a married man, lived separately and apart from his wife, and during such time the claimant, his sister-in-law, a widow, was his housekeeper, lived with him as a member of his family, and kept boarders. Claimant paid no rent and received the money from the boarders, out of which she paid for the services of a maid and the provisions required by the household. It also appears that she retained out of the moneys received for board the sum of $190, which sum apparently represented the profits during the above period of time from keeping the boarders.

The total claim filed was for $1,270, and was based upon an express contract for services for 254 weeks at $5 per week, and this claim was credited with an item of cash paid amounting to $77, another of $25, a doctor bill paid by the deceased for the claimant amounting to $52, and the above sum of $190 derived from the boarders, the total credits amounting to $344, leaving a balance of $926. The claim was finally allowed by the court on a *quantum meruit* basis at $353.50, being for 101 weeks' services at the rate of $3.50 per week.

In the deposition of the claimant, which was taken by stipulation under an agreement that any objections to the same might be taken at the trial to the same effect as though such evidence had been adduced from the witness upon the trial, the claimant testified in substance that she had entered into an agreement with the deceased pursuant to which he would pay her the sum of $5 per week for her services. Proper objection on the trial was made to such testimony and the same was stricken from the records. The only other testimony on the subject of an express agreement between the claimant and the deceased was given by one Mrs. Annie Duerr, who testified that, a short time before the claimant left the employ of the deceased, the deceased told her that he was to pay the claimant $5 a week if she stayed

with him as long as he lived. In June, 1916, the claimant was married and removed to Texas, and the deceased died in 1920.

From the judgment in claimant's favor defendant has appealed.

For the appellant there was a brief by *C. E. Hooker* of Waupun and *W. G. Haddow* of Ellsworth, and oral argument by *Mr. Hooker*.

For the respondent the cause was submitted on the brief of *James Murray* of Fond du Lac.

DOERFLER, J. Where one renders valuable services for another, as a rule a contract to pay a reasonable value for such services will be implied.

However, "Where near relatives by blood or marriage reside together as one common family, and one of them renders services to another, and such other furnishes him board and lodging or other necessaries or comforts, a presumption arises that neither party intended to receive or to pay compensation for the services rendered on the one hand, or for the board and lodging or other necessaries or comforts on the other; that they were intended as mutual acts of kindness done or furnished gratuitously." *Estate of Kessler*, 87 Wis. 660, 664, 59 N. W. 129.

A close relationship having existed between the claimant and the deceased, by marriage, and she having lived in the family of the deceased, performing services in and about the household, and not being required to pay for rent or lodging, in order to enable the claimant to recover it was incumbent upon her to show by competent evidence either an express agreement or facts and circumstances to rebut the presumption of law that the services were performed gratuitously. The only competent evidence in the case affecting the subject of compensation for services is based upon the testimony of Mrs. Annie Duerr, who testified that prior to the time that claimant left the household of the deceased he told the witness that if claimant remained with him as

long as he lived she would receive pay at the rate of $5 a week.

It is contended by the appellant that the agreement last referred to constitutes an entire contract, and that in leaving the employ of the deceased prior to the latter's death she breached such contract and should therefore be denied any compensation.

It appears from the evidence, conclusively, that claimant performed her services either under and pursuant to the express entire contract testified to by Mrs. Duerr, or that such services were performed without any contract whatever. The contract testified to was clearly an entire contract and obligated the claimant to substantially perform the same before she would be entitled to compensation thereunder, and she having failed to perform her contract, and the liability of the estate for the amount claimed in this action depending upon such performance, the claimant cannot recover. *Moritz v. Larsen,* 70 Wis. 569, 36 N. W. 331; *Manthey v. Stock,* 133 Wis. 107, 113 N. W. 443; *Prautsch v. Rasmussen,* 133 Wis. 181, 113 N. W. 416; *McDonald v. Bryant,* 73 Wis. 20, 40 N. W. 665; *Boutin v. Lindsley,* 84 Wis. 644, 54 N. W. 1017; *Warehouse & B. S. Co. v. Galvin,* 96 Wis. 523, 71 N. W. 804; *Widman v. Gay,* 104 Wis. 277, 80 N. W. 450.

Where a valid express contract is proven no recovery can be had on an implied contract. *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Pearson v. Switzer,* 98 Wis. 397, 74 N. W. 214; *White v. Lueps,* 55 Wis. 222, 12 N. W. 376; *Werre v. Northwest T. Co.* 27 S. Dak. 486, 131 N. W. 721; *Lowe v. Jensen,* 22 N. Dak. 148, 132 N. W. 661; *Hunt v. Tuttle,* 125 Iowa, 676, 101 N. W. 509; *Ecker v. Isaacs,* 98 Minn. 146, 107 N. W. 1053; *Wade v. Nelson,* 119 Mo. App. 278, 95 S. W. 956; 9 Cyc. 749.

Under the foregoing authorities it is therefore held that claimant's contract with the deceased was an entire contract, and, such contract having been breached by her, no

recovery thereon can be sustained. Claimant's claim being based upon an express contract, no recovery under the evidence in this case can be had on a *quantum meruit* basis.

*By the Court.*—Judgment of the court below is reversed, and the cause remanded with instructions to dismiss the complaint.