CAMPBELL & CAMERON COMPANY, Appellant, vs. WEISSE. and another, Respondents.

*March 23—April 19, 1904.*

*Contracts: Entire or apportionable? Sale of chattels.*

A contract for the sale of 200 cords, more or less, of hemlock bark, being the entire product of the vendor for the season, at $5 per cord, to be paid in cash within ten days from receipt in carload lots, is apportionable. The vendor may enforce payment for the portion delivered although he fails to deliver the balance; and the vendee's right to recover damages for such failure to deliver the whole is not conditioned upon payment having been made for the portion received.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This action is brought to recover a balance alleged to be due upon a contract to deliver hemlock bark to respondents. The contract was evidenced by the following letter:

"Oshkosh, Wis., July 27th, 1901.

*"C. S. Weisse & Co., Sheboygan Falls, Wis.*

"Gentlemen: Referring to your letters of July 5, 9 and 17, will say that we propose to accept your offer of Five Dollars per cord for Two Hundred cords, more or less, of Hemlock Bark, f. o. b. cars, Pratt's Junction, Wis., being the entire product of bark for this season. It is understood that we have the privilege of shipping the bark as soon as the roads are frozen and in condition to move the bark.

"Bark to be measured by actual measurement of 128 feet to the cord at Sheboygan Falls, as required by law, and measurements of each car reported to us at once, especially if your measurements do not agree with invoices.

"Terms: Spot cash within ten days from receipt of cars.

"Respectfully,

"CAMPBELL & CAMERON Co.

"By J. D. Campbell, Sec'y.

"Accepted July 30th, 1901,

"CHARLES S. WEISSE & Co.

"Sheboygan Falls, Wis.

"All cars loaded 20,000 pounds and over, or shipper to pay freight on short weight."

Between December 30, 1901, and January 13, 1902, appellant delivered eight car loads of bark. Appellant claimed that the cars shipped contained more cords than respondents reported. After shipment of these eight cars appellant refused to deliver more, expressing dissatisfaction with the measurements, whereupon respondents refused full payment of the amount due on the shipments that had been made, upon the ground that appellant had breached the contract. No more bark was shipped thereafter. The sum of $211.25 was paid appellant on the shipments made by it. The jury found that 81¼ cords of bark had been delivered under the contract; that appellant had 118¾ cords more, which it refused to deliver; and that bark was worth $7 per cord at Pratt's Junction, and that respondents were obliged to purchase elsewhere in place of the quantity not delivered by appellant. The testimony showed that 50¾ cords were sold elsewhere by appellant at Pratt's Junction that season, after the breach of the contract, and that they had not to exceed twelve cords ready for shipment.

Appellant brought action to recover the amount due for the quantity which they claimed had been shipped. Respondents deny that the quantity so claimed was delivered, and counterclaim for damages for the nondelivery of the bark at Pratt's Junction, by reason of which they were compelled to purchase elsewhere at an advanced price. By special verdict the jury found the quantity of bark delivered to respondents, the amount paid by them to appellant, and that appellant had refused to deliver 118¾ cords in their possession at Pratt's Junction. The court awarded damages to respondents on their counterclaim for the nondelivery of 118¾ cords at $2 per cord, and, after deducting the amount of $195, due for bark delivered, entered judgment in respondent's favor for $42.75 and costs. Before judgment, appellant moved to correct the special verdict by changing the answer to the second question from 118¾ cords to sixty-three

cords, which motion was denied.  Appellant then moved that
the special verdict be set aside, and for a new trial, and this.
motion was also denied.  This is an appeal from the judg-
ment.

The cause was submitted for the appellant on the brief of
*Phillips & Hicks.*  They contended, *inter alia,* that where
the contract intends that there should be performance in
distinct parcels at different times, a breach in respect to any
instalment relieves the other party, at his option, from any
further performance.  *School Dist. v. Hayne,* 46 Wis. 511;
*Lindon v. Eldred,* 49 Wis. 305; *Corbett v. Anderson,* 85
Wis. 218; *Walsh v. Myers,* 92 Wis. 397; *Boyington v.
Sweeney,* 77 Wis. 55.

For the respondents there was a brief by *Bowler & Bowler,*
and oral argument by *E. R. Bowler.*  They argued, among
other things, that where the contract is apportionable or di-
visible, as in this case, after delivery of part and on failure
to deliver the whole the vendor may sue for the contract price
of that already delivered, and the defendant may counter-
claim his damages for the violation of the contract in not
delivering the whole.  *Goodwin v. Merrill,* 13 Wis. 658;
*Sawyer v. C. & N. W. R. Co.* 22 Wis. 403; *Gill v. Benjamin,*
64 Wis. 362–368; *Schweickhart v. Stuewe,* 71 Wis. 1–7;
*Hoffman v. King,* 70 Wis. 383; *Myer v. Wheeler,* 65 Iowa,
390, 21 N. W. 692; *Hansen v. Consumers' S. H. Co.* 73
Iowa, 77, 34 N. W. 495; *Osgood v. Bauder,* 76 Iowa, 550,
1 L. R. A. 655; *Winchester v. Newton,* 2 Allen, 492.

SIEBECKER, J.  The exception especially urged by appel-
lant bears upon the construction given the contract by the
trial court.  The foregoing statement of facts shows that ap-
pellant contracted with respondents for the sale and delivery
of its entire season's product of hemlock bark of 200 cords,
more or less, at $5 per cord; the terms of payment being
cash within ten days from receipt in carload lots.  The court

held the contract apportionable. An inspection of its terms
discloses that the bark as purchased was to be delivered in
definite portions, and that the price of each portion was pay-
able upon delivery at the fixed contract price, and that such
payment was not conditioned upon the delivery of the re-
maining portions of the season's product, nor was the require-
ment of a full delivery of the quantity purchased conditioned
upon payment having been made for the portions shipped.
Respondents' default of payment for any carload shipment
at the time agreed upon gave appellant a right to enforce
payment for the quantity delivered, regardless of its in-
tention to fully perform its obligation to deliver the re-
mainder of the bark. Respondents were likewise entitled
to insist upon full performance of the contract in having the
quantity purchased delivered, though there be default in pay-
ment of the quantity delivered, upon the ground that the
payment for such delivery is not a condition precedent to the
complete performance of the contract by appellant. Appel-
lant failed to deliver all of the bark covered by the contract,
and therefore became liable to respondents for the damages
resulting from such breach. *Goodwin v. Merrill,* 13 Wis.
658; *Widman v. Gay,* 104 Wis. 277, 80 N. W. 450; *Palm
v. O. & M. R. Co.* 18 Ill. 217; *Christian Co. v. Overholt,* 18
Ill. 223.

It is claimed by appellant that the court erred in refusing
to set aside the finding of the jury as to the quantity of bark
it failed to deliver under the contract. The jury found that
it amounted to 118¾ cords. We are unable to find any evi-
dence in the case supporting this finding. The only evidence
bearing upon the question of the quantity of bark appellant
had at Platt's Junction was the testimony of its woodman,
Mr. Henke, who fixed the quantity at not to exceed sixty-
three cords. Upon this state of the proof the court should
have granted the motion to change the answer to the second
question in the special verdict, striking out the finding that

appellant failed to deliver 118¾ cords of bark under the contract, and substituting the quantity shown by the undisputed evidence, sixty-three cords.   There is no claim that the damages to respondents for the breach of the contract was other than at the rate of $2 per cord for the undelivered quantity, making a total of $126; nor is there any controversy but that respondents owed a balance of $195 for the portion delivered before suit was commenced.  Appellant was entitled to judgment for the difference between the balance so found due it for the bark delivered and the amount of damages respondents sustained by appellant's failure to deliver the entire quantity covered by the contract, with the costs of the action.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to amend the special verdict by changing the answer to the second question, and to enter judgment in appellant's favor for the balance due it as specified in the opinion, with costs.