JENS and another, Respondents, vs. HABECK and wife, Appellants.*

*May 9—June 15, 1951.*

---

* Motion for rehearing denied, with $25 costs, on September 11, 1951.

For the appellants there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Richard P. Tinkham.*

For the respondents there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau.*

FRITZ, C. J.    Plaintiffs alleged in their complaint that on November 3, 1948, Robert and Ruth Berg sold and conveyed a tract of land to the defendants, Albert A. and Rose Habeck, and the Bergs sold to the plaintiffs, Donald M. and Leland L. Jens, the young trees and other nursery stock growing on about two acres of that land; and that the plaintiffs and defendants entered into a contract which provided: That plaintiffs shall have the right to enter upon said land at any time *from November 3, 1948, to October 30, 1949,* for the purpose of removing any or all of the nursery stock presently located upon said land; that defendants will not damage, destroy, or remove any of said nursery stock *prior to October 30, 1949,* and will permit plaintiffs to enter upon said premises with the necessary equipment required to remove said nursery stock; that plaintiffs will fill in any and all holes resulting from such removal and will leave the said premises

level and in good condition following the removal thereof and all roots and stumps *prior to October 30, 1949;* and that plaintiffs shall have the right to enter said premises with the usual and necessary equipment to cultivate the nursery stock growing thereon, *"which right shall expire on the 30th day of October, 1949."*

Plaintiffs further alleged that prior to October 30, 1949, they became ill and one was confined in bed at home and the other at a hospital; that immediately upon one of them getting well he attempted to carry out the terms and provisions of said contract, but was denied access to said land upon which said nursery stock was located, and was informed by defendants that they considered the plaintiffs to be in default in their agreement on the ground that they had failed to remove said nursery stock on or before said date set forth in said contract; that plaintiffs again offered to carry out the terms and conditions of their agreement in respect to the removal of said trees and were ready, willing, and able to do so on or about November 2, 1949, and this offer to remove said trees pursuant to their agreement was made by the plaintiffs on several occasions immediately after October 30, 1949, and was refused by the defendants every time; that plaintiffs notified defendants in writing to that effect on December 6, 1949, through their attorneys that they were still ready, willing, and able to carry out their agreement; that defendants continued to refuse plaintiffs access to their property for the removal of said nursery stock; and that as a result of defendants' failure to perform the said contract plaintiffs suffered damages of $1,000.

In support of defendants' demurrer to the complaint they contend that by reason of the express provision in the contract in relation to plaintiffs' right to remove the nursery stock,—*"which right shall expire on the 30th day of October, 1949,"*—plaintiffs' rights thereunder terminated absolutely on that date. At the time of the oral argument in relation to

defendants' demurrer, the trial court suggested that the law dealing with the right to remove timber under a so-called "timber deed" might be controlling in this action, and requested counsel to submit authorities on that question. But counsel for plaintiffs called the court's attention to the fact that all of the Wisconsin cases cited were decided prior to the enactment of the Uniform Sales Act, ch. 121, Stats., in 1911; and that in sec. 121.76 of that act there is the definition:

" 'Goods' include all chattels personal other than things in action and money. The term includes emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale."

This definition is in accord with the conclusions stated in 39 Am. Jur., Nurseries and Nursery Stock, p. 489, sec. 1. See also Brown, Personal Property, p. 696, sec. 159.

Thereupon the court rightly concluded that the Uniform Sales Act has changed the law in Wisconsin so that industrial growing crops, growing trees, and other nursery stock "attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale" are to be considered "goods" and are consequently personal property; and that as the nursery stock was personal property, the so-called "Timber Cases" in Wisconsin are not applicable.

But the court then concluded that there is no showing presently that *time was of the essence* in the performance of the contract; that therefore plaintiffs would have at least a reasonable time after October 30, 1949, to remove their personal property, subject to any damages caused to defendants on account of plaintiffs' failure to remove the nursery stock prior to the time fixed in the contract, and that therefore the demurrer must be overruled. The court's conclusions to that effect cannot be sustained. That time was of the essence as to the matters which were to be performed by plaintiffs is clearly evident in view of the express and definite provisions

in the contract dated November 3, 1948, to the following effect:

That plaintiffs shall have the right to enter upon the defendants' premises for the purpose of removing any or *all* of the nursery stock with the necessary equipment required therefor at any time *from the date of the contract to October 30, 1949;* that defendants will not damage or destroy or remove any of said nursery stock *prior to October 30, 1949;* that *prior to October 30, 1949,* plaintiffs will remove all roots and stumps and level and leave said premises in good condition following their removal of said stock; and that plaintiffs shall have the right to enter upon said premises to cultivate the stock growing thereon, *"which right shall expire on the 30th day of October, 1949."*

Under those unequivocal provisions in the contract, which are clearly too explicit to admit of any doubt, plaintiffs had ample time and opportunity from November 3, 1948, to October 30, 1949,—almost twelve months,—to remove the nursery stock from defendants' land.

There is no allegation in plaintiffs' complaint as to why all of the nursery stock desired by plaintiffs was not removed, and the holes filled up, and stumps removed, and the land leveled by plaintiffs by October 30, 1949, as was expressly prescribed by their contract; or that they were prevented by any cause whatever from removing all the nursery stock they desired, except the bare allegation that immediately prior to October 30, 1949, they became ill and were confined to their beds; and there is no allegation that plaintiffs could not have hired other persons to remove said nursery stock by the time plaintiffs' right to do so expired on October 30, 1949. Neither is there any allegation in the complaint that there was any breach of the contract in any respect by defendants.

In view of the facts that in four paragraphs of plaintiffs' contract the period expiring on October 30, 1949, was specifically designated as the time within which plaintiffs were entitled to exercise their rights and were required to perform

their duties under the contract, and had the right to remove the nursery stock *"which right,"* as stated in the contract, *"shall expire* on the 30th day of October, 1949," it is clearly evident that the time thus specified was intended to be of essence in respect to plaintiffs' exercise of their rights under the contract. Because of plaintiffs' failure in those respects the court erred in overruling defendants' demurrer to the complaint.

*By the Court.*—Order reversed and cause remanded with directions to order that defendants' demurrer is sustained.

BROWN, J. (*dissenting*). Mr. Berg, not a party to this action, owned a farm on which he grew nursery stock consisting of various kinds of trees. He sold the nursery stock to the plaintiffs and the land to the defendants. Simultaneously the plaintiffs and defendants executed an agreement whereby the plaintiffs were to have from the date of the agreement, November 3, 1948, to October 30, 1949, to enter upon defendants' land, cultivate the nursery stock, and remove it. In several places the agreement provided that plaintiffs' rights to do these things "shall expire on the 30th day of October, 1949." The plaintiffs had not removed the nursery stock by that date and when they attempted to do so shortly thereafter the defendants refused to permit it. Plaintiffs have brought suit for damages resulting from the refusal.

"As a general rule, rescission of a contract is not permitted for a casual, technical, or unimportant breach or failure of performance, but only for a breach so substantial as to tend to defeat the very object of the contract." *Gedanke v. Wisconsin Evaporated Milk Co.* (1934), 215 Wis. 370, 375, 254 N. W. 660. It was repeatedly stated in the contract that October 30th ended the period in which the plaintiffs might take their property but that time was not specifically stated to be of the essence, and there is nothing in the complaint itself to show the degree of materiality which this date

has to the object of the contract. It certainly does not appear to be of so great consequence that it will justify rescission and thus, on the face of the complaint, defeat plaintiffs' action. It is for the defendants to raise that issue by answer.

Moreover, the plaintiffs bought the nursery stock from Berg. The defendants bought the land sans stock. For a failure to remove the stock by a designated time, which was not stated to be of the essence and which has not even been found to be material, the defendants propose to acquire without compensation that which they recognized was sold to the plaintiffs. It seems inequitable to sustain their position, and thus impose a forfeiture upon the plaintiffs, before the materiality of the date and the detriment to defendants of delay have been passed upon after submission of evidence.

Probably if the parties were agreed that the nursery stock is personalty the title to which is in the plaintiffs, the right of of plaintiffs to remove it, subject to payment of damages for delay in doing so, would not be seriously opposed. The defendants, however, contend that the stock is part of the realty, that title thereto came to them when they bought the land from Berg and that they could limit as they chose the privilege of plaintiffs to enter on their land and take away an element of their realty. They rely on the so-called "Timber Cases" to support their position. In 1911, however, this state adopted the Uniform Sales Act, and with it the definitions and classifications of property now appearing in sec. 121.76, Stats. This declares:

" 'Goods' include all chattels personal other than things in action and money. The term includes emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale."

There can be no doubt that nursery stock is an industrial growing crop and, hence, personalty under the statute. There was a sale thereof by Berg to the plaintiffs, recognized

by the defendants. I agree with the learned trial court that the "Timber Cases" do not apply to such trees since the enactment of the Uniform Sales Act. In addition, the defendants' present contention that Berg's deed of the land to them also conveyed title to the nursey stock is at variance with their admissions, on demurrer, of the allegations of the complaint and their contract with the plaintiffs which is incorporated in the complaint and which, among other provisions, recites:

"Whereas on this date the said Robert Berg and Ruth D. Berg, his wife, are selling to Donald M. Jens and Leland L. Jens, a partnership doing business as Jens Nursery & Landscape Company all of the nursery stock located upon said real estate premises formerly known as Berg's Nursery; and

Whereas it is the contract and agreement by and between the said Albert A. Habeck and Rose J. Habeck, his wife, joint tenants, that the said Donald M. Jens and Leland L. Jens, a partnership doing business as Jens Nursery & Landscape Company in consideration of the sale of the said premises and in further consideration of the sale of the said nursery stock to the respective parties as aforesaid, that the said Donald M. Jens and Leland L. Jens, a partnership doing business as Jens Nursery & Landscape Company shall have free access to and upon the said real-estate premises for the purpose of removing all of the nursery stock upon the said premises;"

There is here no hint that defendants considered themselves the owners of the nursery stock under the doctrine of the "Timber Cases" or otherwise.

The conclusion should be that while the complaint shows the plaintiffs have not removed their property from defendants' land within the time specified, the delay is not shown to have defeated their right to remove it thus forcing them to abandon it to the defendants. On the allegations of the complaint the right, *prima facie,* continued during the short time before they were ready to proceed. Whether the right is, in fact, gone or whether they may still exercise it subject to

allowance of damages for their delay should be determined by a trial. I consider a cause of action appears in the complaint and the learned trial court correctly overruled defendants' demurrer.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice MARTIN join in this dissent.

* Motion for rehearing denied, with $25 costs, on September 11, 1951.