MANTHEY, Respondent, vs. STOCK, Appellant.

*September 25—October 15, 1907.*

*Mechanics' liens: Entire contracts: Building contracts: Substantial performance: Acceptance.*

1. While a contract to paint a building may be entire and the general rule applicable that for partial performance no recovery can be had, yet such contract may fall within that class of building contracts to which is accorded a relaxation of that strict rule, so that a contractor who, in good-faith effort to perform, substantially satisfies his agreement, may recover the

value to the owner of that which is done, although it departs in slight respects from specifications, or, without fault of the contractor, lacks absolute completeness.

2. In building contracts one has a right to choose for himself, to contract for something which exactly satisfies that choice, and not to be compelled to receive something else. Mere taste or preference approaching almost to whim may be controlling with the owner, and therefore of the very substance of the contract, so that even trifling variations may be inconsistent with that substantial performance on which should be predicated liability to pay.

3. Mere incompleteness in respects easy to be supplied after the contractor finishes his work, and the cost of which to the owner is readily ascertainable, may be consistent with substantial performance, since in such case the owner can obtain all he contracted for by mere expenditure of money; but such incompleteness must be inconsiderable and without fault on the contractor's part.

4. In an action to enforce a mechanic's lien it appeared, among other things, that plaintiff had contracted to paint the outside of defendant's house and to do a good job, including the removal of the old paint where necessary to accomplish that result. Plaintiff failed to remove the old paint where necessary, and as a result in a number of places there were blisters and roughness. *Held:*

(1) Plaintiff failed to show substantial performance of an entire contract.

(2) No inference of an acceptance resulted from the mere fact that defendant continued to use her own house upon which plaintiff had spread his paint.

(3) Judgment for plaintiff was improperly directed.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

Action to foreclose mechanic's lien for work in painting defendant's house. Plaintiff entered into a contract to paint the outside of defendant's house for $87, to do a first-class job, including the removal of the old paint where necessary to accomplish the result. Plaintiff painted the house, but upon a considerable portion of front, especially the porch, columns, and mouldings, failed to so remove the old paint as to enable a good job, and, as a result, in a number of

places there were blisters and roughness. Defendant noti-
fied plaintiff of her objections to the work, once while it was
in progress, and, after its completion, refused to pay until
she had opportunity to inspect and ascertain the quality of
the work. Before she had done this, but after waiting several
weeks, the plaintiff commenced this action. The court found
as a fact that the plaintiff in good faith attempted to per-
form the contract, but the painting was not done in all re-
spects as required thereby. The old paint on the columns and
mouldings on one side of the house, and perhaps on some
other parts, was not rubbed off, and in such places the paint-
ing was rough and blistered, and in such respects the work
was not finished in a good and workmanlike manner, but
that the work can be or could have been redone and com-
pleted to conform to the contract requirement for $26.10.
From such facts the court concluded as law that the plaintiff
substantially performed his contract and awarded him al-
lowance of the contract price less the $26.10 allowed by way
of recoupment. The complaint also stated a claim of $22
for interior painting, which was admitted by the answer,
and judgment therefor with interest and costs tendered.
From judgment in favor of plaintiff for both said sums,
and adjudging mechanic's lien, defendant brings this appeal.

For the appellant there was a brief by *Harper & McMynn,*
and oral argument by *John F. Harper.*

For the respondent there was a brief by *Friedrich, Teall
& Hackbarth,* and oral argument by *F. A. Teall.*

Dodge, J. Of course the contract to paint the house was
entire, and the general rule applicable that for partial per-
formance no recovery could be had. *Moritz v. Larsen,* 70
Wis. 569, 36 N. W. 331; *Widman v. Gay,* 104 Wis. 277, 80
N. W. 450. Doubtless it fell within the class of building
contracts to which is accorded a certain relaxation of the
strict rule above stated, so that a contractor who, in good-

faith effort to perform, substantially satisfies his agreement, may recover the value to the owner of that which is done, although it departs in slight respects from specifications, or, without fault of the contractor, lacks absolute completeness. *Taylor v. Williams,* 6 Wis. 363; *Malbon v. Birney,* 11 Wis. 107; *Laycock v. Parker,* 103 Wis. 161, 168, 79 N. W. 327; *Manitowoc S. B. Works v. Manitowoc G. Co.* 120 Wis. 1, 97 N. W. 515; *Manning v. School Dist.* 124 Wis. 84, 105, 102 N. W. 356. As often said, such relaxation from the strict rule governing entire contracts must be accorded with great caution. One has a right, especially in buildings, to choose for himself, to contract for something which exactly satisfies that choice, and not to be compelled to receive something else. In the matter of buildings and their decoration, as much as in any conceivable field, mere taste or preference approaching almost to whim may be controlling with the owner, and therefore of the very substance of the contract, so that even trifling variations may be inconsistent with that substantial performance on which should be predicated liability to pay. Of course mere incompleteness in respects easy to be supplied after the contractor finishes his work, and the cost of which to the owner is readily ascertainable, presents less of difficulty and need cause less hesitation in declaring substantial performance, for in such case the owner can obtain all that he contracted for by mere expenditure of money. But because the owner has the right to contract once for all for the completed work or structure, and perhaps in the contract price pays for relief from further trouble in such respect, dispensation in favor of the contractor will be granted even in case of mere incompleteness only when inconsiderable and without fault on his part. *Malbon v. Birney, supra; Manitowoc S. B. Works v. Manitowoc G. Co., supra* (page 5; 97 N. W. 515); *Manning v. School Dist., supra* (page 106; 102 N. W. 363); *John Pritzlaff H. Co. v. Berghoefer,* 103 Wis. 359, 79 N. W. 564.

Considering the present situation in light of the foregoing rules of law and reasons, defendant's right to such quality of painted surface to her building as could result only from burning off the old paint was secured to her by the contract as found by the court. Such surface may have been as essential to satisfy her taste as the very color of the paint. This she obtained only on part of the building. This was not mere incompleteness, for the whole building was painted, but part of it in a manner other than directed. Both findings and evidence are somewhat ambiguous whether the portion so defectively painted was one third of the whole or a less portion but such that "redoing" the work would cost one third of the contract price; but whichever view be taken, we do not think it possible to hold that plaintiff has substantially performed his contract, although we assume his good faith in deciding, in his own interest, that burning off the old paint on the defective portion was not necessary to a sufficiently smooth surface. Even if it is possible that defendant could secure all she contracted for by now employing some one else to burn off the old paint, as also that which plaintiff has spread over it, and to repaint the same, yet she has right, by virtue of her contract, to be free from the inconvenience to herself involved in procuring and supervising such work, and the repetition of inconvenience to her tenants resulting thereby—things difficult of any accurate ascertainment or compensation in money damages. Further, it is by no means certain that subsequent treatment of portions of the exterior of the house can give the results which would have been attained by painting it all at once, in entire uniformity of either color or appearance. There is no evidence on the subject, and we do not think the affirmative can be assumed as within common knowledge. Clearly, no inference of acceptance can result from the mere fact that defendant has continued to use her own house upon which plaintiff has spread his paint. She had right to use it, and by his

breach of contract could not be put to the alternative of abandonment of the house or removal of his paint. *Manitowoc S. B. Works v. Manitowoc G. Co., supra* (page 8; 97 N. W. 518); *Manning v. School Dist., supra* (page 106; 102 N. W. 356). Indeed, actual acceptance, or belief of plaintiff therein, is negatived by the fact, which we find established by preponderance of evidence, that defendant notified plaintiff while the work was in progress that she should not accept it unless he changed his methods, and after the contract on demand for payment informed him of her refusal to accept until after inspection, which she had not found convenient opportunity to make up to the commencement of this action.

We cannot avoid the conclusion that plaintiff has failed to show even substantial performance of his entire contract, and therefore cannot recover at all for painting the exterior of the house, but must be limited to recovery for painting the interior, for which judgment was duly tendered by the answer, with only such costs as had then accrued.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff, as tendered in the answer, and in favor of defendant for her costs accruing after such tender.