WETZLER, Appellant, vs. GLASSNER, Respondent.

*December 15, 1924—January 13, 1925.*

*Contempt: Nature of proceedings: Civil or criminal: Costs: Misconduct of party with juror: Waiver of objection by adverse party: Failure to seasonably inform court.*

1. While a proceeding was denominated a civil contempt and the procedure was that prescribed by ch. 295, Stats., entitled "Contempts in civil actions," it may be in the nature of a proceeding for criminal contempt. The real character of the proceeding is to be determined by the relief sought. p. 595.
2. A proceeding brought on the ground of plaintiff's misconduct during a trial which it was alleged was calculated to defeat, impede, or prejudice the rights or remedies of defendant, and in which an attorney was appointed to prosecute the proceedings, and the relief sought being to punish plaintiff for a past offense, is in the nature of a proceeding for criminal contempt. p. 596.
3. Although plaintiff, the alleged contemnor, was successful in the proceeding, he was not entitled to costs. p. 596.
4. Setting aside a verdict for plaintiff for his alleged misconduct in inviting a juror to lunch is not the exercise of a sound discretion, where it appeared that there was no intention to influence the juror and that the whole transaction amounted to no more than an impropriety. p. 597.
5. Where defendant and his counsel knew of plaintiff's alleged misconduct before the court reconvened on the day it happened, it was his duty to immediately inform the court of the occurrence, if defendant deemed it prejudicial, and it was too late to wait until plaintiff moved for judgment on a verdict in his favor to raise the objection. p. 598.
6. A motion to set aside a verdict and for a new trial for misconduct of the plaintiff should show at what time defendant first received knowledge of such misconduct or impropriety. p. 599.

APPEAL from two orders of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge (*reversed*) ; and

APPEAL from a third order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.    *Affirmed.*

This action was brought by the plaintiff, a physician and surgeon of the city of Milwaukee, to recover the reasonable value of services performed by him for the defendant.    The case was tried to a jury and the jury returned a verdict in favor of the plaintiff for $2,000.    The case was tried on January 18, 1924.    On the morning of January 26, 1924, the plaintiff moved for judgment upon the verdict, and the defendant filed a motion for a new trial upon the usual grounds and also "because the plaintiff wrongfully attempted to influence the action of the jury."    It appears that the trial occupied one day.    The motion for a new trial was based upon the minutes of the court and upon the affidavit of William Glassner, in which affidavit it was alleged that at the noon recess on the day of the trial the plaintiff engaged a juror by the name of John J. Gleich in conversation; that the affiant heard the plaintiff invite the juror to luncheon; that immediately upon the extending of the invitation plaintiff's counsel stated to the plaintiff that inasmuch as Gleich was a juryman it would be impossible to take him to lunch. Upon the alleged misconduct of the plaintiff coming to the notice of the court, the court instituted a summary hearing, and after the hearing set aside the verdict in furtherance of justice unless the plaintiff should elect within ten days to accept $1,000.    Thereupon the court directed the institution of contempt proceedings, and on February 2, 1924, a formal order was entered setting aside the verdict.    On February 19, 1924, an order to show cause was served upon the plaintiff requiring the plaintiff to show cause why he should not be adjudged guilty of the alleged misconduct and contempt and punished therefor under sec. 3477, Stats.

The order to show cause was brought on before Hon. E. T. FAIRCHILD, and after a thorough and complete investigation the proceeding was dismissed. There was a motion by the defendant to set aside the order granting a new trial, which motion was made in open court on the 7th day of March, 1924. The court denied the motion with $10 costs.

The plaintiff appeals from the three orders: (1st) that of February 2, 1924, setting aside the verdict and granting a new trial, with the option of the plaintiff to take judgment for $1,000; (2d) that part of the order made by Judge FAIRCHILD on February 25, 1924, denying the plaintiff costs in the contempt proceedings; and (3d) from the order of court dated March 17, 1924, refusing to set aside the order granting a new trial.

For the appellant there was a brief by *Lamfrom & Tighe*, attorneys, and *Leon B. Lamfrom*, of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom*.

For the respondent there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *Lawrence A. Olwell*.

ROSENBERRY, J.    The contempt proceedings were brought under ch. 295, Stats., entitled "Contempts in civil actions," on the ground that plaintiff had been guilty of misconduct during the trial which was calculated to defeat, impede, or prejudice the rights and (*or*) remedies of the defendant herein, in the following respects:

"(1) That said plaintiff did, during the progress of the trial of this case and during one of the recesses of court, discuss with a third person, in the presence of said juror Gleich, the amount of fees received by the Mayo Brothers for surgical operations.

"(2) That said plaintiff did subsequently, during the trial of this case and at the noon recess of said court, approach said juror Gleich and invited said juror to lunch with him."

While the proceeding is denominated a civil contempt and

the procedure is that prescribed in ch. 295, nevertheless it was in the nature of a proceeding for criminal contempt. This matter has been fully and thoroughly discussed recently in *State ex rel. Rodd v. Verage,* 177 Wis. 295, 187 N. W. 830; *Michaelson v. U. S. ex rel. C., St. P., M. & O. R. Co.* 45 Sup. Ct. 18 (decided October 20, 1924). The real character of the proceeding is to be determined by the relief sought. The relief sought here was not to enforce a private right but to punish the contemnor for a past offense. The proceedings were instituted upon the motion of the judge, an attorney was appointed as a friend of the court to prosecute the contempt proceedings, and the whole investigation was one to ascertain whether or not the plaintiff had in any way violated the law, and, if he was found guilty of such violation, to punish him therefor. Under the circumstances of this case it is considered that the trial court correctly held that the plaintiff, although successful in the contempt proceedings, was not entitled to costs.

Was the court, in the exercise of a sound judicial discretion, warranted in setting aside the verdict of the jury in this case by reason of the misconduct of the plaintiff? A careful reading of the record both upon the motion for a new trial and of the contempt proceeding leaves us with a distinct impression that there was in fact no attempt on the part of the plaintiff or his attorney or any one else to influence the juror in question or in any way to impede the administration of justice. It was only by the most skilful examination that the juror was finally led to say that an invitation to lunch had been extended to him by some one, and it is quite clear from his testimony that the only reason he supposed it was extended was that some one had said: "He is a juror; you cannot take him to dinner." It appears that Dr. Oakland had known the juror Gleich some twenty years previously, at the time when he was employed in a bakery shop conducted by a Mrs. Ehrler, Mr. Ehrler being a

nephew of Dr. Oakland; that when court adjourned for the noon recess the juror accosted Dr. Oakland in regard to the Ehrlers, learned that Mr. Ehrler had died, and asked about the condition of Mrs. Ehrler after the death of her husband. At the time of this conversation Dr. Oakland did not know that Gleich was a juror. Subsequently and while there were present not only the plaintiff, his attorney, Dr. Oakland, and one or two others associated with them, but also the son of the defendant and two or three other persons, some one said: "Let's go to the Athletic Club for luncheon." The juror Gleich at no time considered himself invited to lunch and there is not the slightest indication that whatever occurred was intended to or did influence the juror Gleich. Judge FAIRCHILD, who heard the contempt proceedings, very rightly, in our opinion, attributed the occurrence to the congested condition of the public buildings in the city of Milwaukee where the court was held. The vigilance of the court in this case is to be commended. Certainly everything possible should be done to maintain the highest standards of conduct in the administration of justice. On the other hand, parties should not be deprived of their rights except for substantial reasons within the well recognized rules of law. Neither in the summary proceeding instituted by the court nor in the proceeding upon the hearing of the order to show cause why the plaintiff should not be punished for contempt did it appear that the plaintiff was guilty of any intentional misconduct. Whatever he did was done inadvertently, and the whole occurrence does not arise above an impropriety if it amounts to that. The verdict was amply sustained by the evidence. There was no doubt of the defendant's liability in some amount. While the court, in setting the order aside, said that the verdict was high, it clearly appears that the verdict was set aside because of the alleged misconduct of the plaintiff and not for other reasons.

With reluctance we come to the conclusion that the court was not warranted in the exercise of a sound discretion, under the circumstances of this case, in setting aside the verdict by reason of the conduct of the plaintiff, his witnesses, or his counsel. It did not appear upon the motion for a new trial, but it did appear upon subsequent proceedings and was brought to the attention of the court by a motion to set aside the order granting a new trial, that the defendant and his counsel knew of the alleged misconduct respecting the juror Gleich before the court reconvened on the afternoon of the day on which it occurred; that the matter was not then called to the attention of the court, the trial proceeded, and it was not until after the verdict of the jury and at a time when plaintiff had moved for judgment upon the verdict that the alleged misconduct was brought to the attention of the court.

In *Basile v. Fath, post,* p. 646, 201 N. W. 247, it was held that counsel cannot sit by while matters possibly prejudicial to the interests of their client occur, wait until after an unfavorable verdict is returned, and then take advantage of the same for the purpose of setting the verdict aside. In addition to the cases cited in the *Basile Case,* see *Jackson v. Smith,* 21 Wis. 26; *Grottkau v. State,* 70 Wis. 462, 36 N. W. 31.

If the defendant felt that the occurrence complained of was prejudicial to his rights, it was his duty to have the same brought immediately to the attention of the court. To take advantage of the verdict if it is in his favor and to attack its efficacy if it is against him is to attempt to speculate for his own benefit upon the outcome of the proceedings. Where misconduct or improprieties are brought to the attention of counsel during the course of the trial, it is the duty of counsel to immediately present the matter to the court if it is deemed to be in any way prejudicial. The affidavit made on the motion for a new trial did not disclose at what time

the information of the alleged misconduct came to the attention of the defendant or his counsel, but that fact should have been made to appear. Where a motion to set aside a verdict and grant a new trial is made for misconduct or impropriety during the course of the trial, the court should require the party to show at what time he first received knowledge of the alleged misconduct or impropriety.

The order setting aside the verdict and granting a new trial is reversed, with directions to enter judgment for the plaintiff upon the verdict. On the appeal from the order denying costs in the contempt proceedings, the order should be affirmed.

*By the Court.*—It is so ordered.