NEES and another, Copartners, Respondents, vs. WEAVER, Appellant.

*September 15—October 13, 1936.*

*Tom L. Yates* of Amery, for the appellant.

For the respondents the cause was submitted on the brief of *Howard D. Blanding* of St. Croix Falls.

FAIRCHILD, J.   Performance in the true spirit and meaning of the contract and intention of the parties is expected in the law.   While the strict general rule requiring complete performance of an entire contract has been relaxed in relation to building contracts, still a good-faith effort to perform and substantial compliance with the terms of the contract must exist before recovery can be had.   The contractor engaging to build a building or to put on a roof under an agreement constituting an entire contract must discharge his obligations at least to the point of substantial performance or lose his right to collect under his contract.   Partial completion, falling

short of substantial performance, except in an action to recover *quantum meruit*, when proper, may defeat all his claim and may result in a judgment against him. To recover upon an uncompleted entire contract on the claim of having substantially, but not fully, complied with its terms, the contractor must have made a good-faith effort to perform and satisfied substantially the promises and agreements made by him. But where the work done does not meet the requirements of the specifications in substantial, as distinguished from slight, respects because of the negligence and fault of the contractor, the work done cannot be held to be the result of a good-faith effort to perform or its equivalent. Cases upholding this rule and treating with the substantial-performance doctrine as an exception to the strict rule of law requiring complete performance were considered in *Manthey v. Stock,* 133 Wis. 107, 113 N. W. 443. Several were reviewed, and it was there observed that, as often said, "such relaxation from the strict rule governing entire contracts must be accorded with great caution." This was said in recognition of the right one has in building to choose for himself, to contract for something which exactly satisfies that choice, and not to be compelled to receive something else. *Fischer v. Schumacher,* 207 Wis. 10, 238 N. W. 801; *Manning v. School District,* 124 Wis. 84, 102 N. W. 356.

A good-faith effort to perform and substantial performance by respondent must exist before recovery of the contract price, less such deductions as equal the cost of completing the work, can be had under the contract. It has been determined in this case that respondents did not perform the work of putting on the roof in accordance with the specifications in the written agreement, and that the work was not done "in a first-class manner." That finding was made by the court upon the undisputed evidence. It is not questioned here. The result of the verdict is also that there was no perform-

ance that substantially complied with the contract. In his instructions to the jury on the question relating to the cost of completing the contract, the learned trial judge said:

"Here you will consider the evidence and determine to what extent the plaintiffs failed to construct the roof in the manner provided in the contract, Exhibit One, and then you will determine what it would reasonably cost to remedy the defects so as to make the roof substantially conform with the contract."

The finding of the jury consequently amounted to a determination that approximately one fourth of the entire contract price would be required to pay for advancing the work to a point where it might be claimed that a substantial performance existed. The appellant would still be entitled to a complete performance and to have the expense necessary to complete the roof added to his credits. This leaves too wide a margin to bring this case within the rule applied where the difference between the work contracted for and the work performed is slight enough so that substantial performance may be said to exist. *Manthey v. Stock, supra; Crouch v. Gutmann,* 134 N. Y. 45, 54, 31 N. E. 271; *Mitchell v. Williams,* 80 App. Div. 527, 80 N. Y. Supp. 864. Substantial performance lacking, it is not necessary to consider whether a good-faith effort to perform was made by respondents.

Because of failure to perform substantially, respondents are not entitled to recover even the reasonable value of their work and materials unless they show an appropriation or use amounting to an acceptance thereof by the appellant. The case was tried on the theory of substantial performance, but because of the conclusion reached on that issue, the next question is whether or not the appellant has done anything to warrant a finding of acceptance, use, or appropriation by him of the work or material left by respondents upon the premises. The evidence offered does not deal directly with values. The price for the roof was to be $325. One witness said it

would cost $200 to complete the work. Another testified that only $75 would be required. The jury was of the opinion that $75 would be necessarily expended in bringing the work up to substantial performance.

We do not deem it necessary to return the case for amendment of pleadings and retrial on the issue arising out of a claim in *quantum meruit*. The action could not be sustained on that theory, not so much because of any infirmity in the proofs of value of work and material, as because there is no showing of acceptance and use. The appellant vigorously protested against the character of the work done as soon as the defects were observed. It appears that when respondents were ready to leave the premises, having represented that the job was finished, appellant instructed his cashier to make out a check in full payment and to deliver it when the architect said the work was done as agreed. Objections were made. It was the architect who testified that the cost of completing the roof after the respondents left it would be $200. The letter set out in the statement of facts is the summation of several conversations. In view of the existing defects and failures enumerated in the letter, most of which were admitted or proved on the trial, this case is ruled by *Manthey v. Stock, supra*.

Actual acceptance by appellant cannot be claimed under the evidence, nor is one to be implied. To recover on *quantum meruit* or *quantum valebat* on a theory of unjust enrichment, in the absence of substantial performance, acceptance of the work for which recovery is sought must be something besides keeping and using where there is no opportunity to return what has been received. A contractor cannot enter upon the premises of another to perform a contract, ignore its terms, and clumsily or carelessly construct a roof falling far short even of a "substantial performance" and impose upon the owner the responsibility of choosing between being charged with the use and acceptance of the roof or going to the ex-

pense of removing it. Appellant had the right to use his building, and the breach of contract by respondents could not put upon him the alternative of abandonment of the building or removal of the roof.

The counterclaim was for damages to appellant's property caused by the respondents. The question submitted to the jury was: "Did the waters, which damaged or discolored the walls of defendant's garage building, leak through and onto such walls because the roof was not put on in the manner provided in the contract?" The instruction to the jury was an interpretation of this question, and called upon the jury to fix the damages claimed by the appellant because of the leaking resulting from the acts of respondents. The jury found the damages to be $75. That amount is not to be recovered as damages for breach of contract by the respondents, but is a recovery for the damages wrongfully caused by them to appellant's building.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the plaintiffs' complaint, and awarding defendant the damage on the counterclaim fixed by the jury.

FOWLER, J. (*dissenting*). With the view of the court that there was not substantial compliance with the contract I agree. In this situation the defendant was called upon to reject the roof or accept it. While in the first instance he expressed dissatisfaction with the work, and informed the plaintiffs that he would not pay for it unless the plaintiffs would supply a roof that complied with the contract, he did not persist in that attitude. He did not demand that the plaintiffs remove the roof, nor did he remove it himself. The "roof" consisted of layers of asphalt felt applied to the roof boards of the building. All that was necessary to do to reject the "roof" was to tear off the layers of felt. The defendant did not do this, but left the roof on, and used it and was using it

at the time of the trial. The roof was put on in October, 1934. The defendant's answer was filed in July, 1935. The counterclaim discloses no purpose to remove the roof, but on the contrary discloses a purpose to allow it to remain, and invokes recovery of damages for the injury to the underlying timbers to be caused in the future by the leaking of water through it. These facts to my mind show an acceptance of the roof as matter of law and impose on the defendant the obligation to pay—not the reasonable worth of the materials used by the plaintiffs in laying the roof—but the reasonable value of the roof to the defendant. The roof having been accepted, the plaintiffs are entitled to recover in *quantum valebat*. *Manitowoc Steam Boiler Works v. Manitowoc Glue Co.* 120 Wis. 1, 97 N. W. 515.

The rule of *Manthey v. Stock,* 133 Wis. 107, 113 N. W. 443, referred to in the opinion of the court as ruling the case, does not apply. This is not a case of working materials into a building in such form that they cannot be removed without injury to it, which excuses the owner from removing them and returning them to the contractor, but a case where removal can be made without any injury to the building whatsoever. The opinion of the court states that: "To recover on *quantum meruit* or *quantum valebat* on a theory of unjust enrichment, in the absence of substantial performance, acceptance of the work for which recovery is sought must be something besides keeping and using where there is no opportunity to return what has been received." This is correct. But here there was opportunity to return what was received, by tearing off the roof and tendering it to the plaintiffs if they refused to remove it themselves. Because there was such opportunity the defendant as matter of law has accepted the roof and should allow *quantum valebat* therefor. He has the right to offset against this whatever damage he sustained through leakage that he could not avoid through timely repairs to the roof that should reasonably have been made by

him in mitigation of damages. It is quite true that the evidence before the court does not show what amount the plaintiffs should recover in *quantum valebat,* but as the evidence and the defendant's pleading show that the roof has been accepted by the defendant, the plaintiffs by reason of that acceptance have a right of recovery, and in my opinion amendment of the complaint should have been directed by this court and a new trial ordered.

Even upon the theory of nonacceptance of the roof upon which the opinion of the court goes, the order of the court for dismissal of the complaint and entry of judgment for $75 on defendant's counterclaim is erroneous, as it fails to allow the defendant the measure of damages to which he is entitled. If the plaintiffs may not recover on their complaint by reason of their breach of the contract so that the complaint should be dismissed, the defendant should then have recovery on his counterclaim for the damage he has suffered. That damage includes not only the $75 found by the jury that the defendant sustained through leakage, assuming the leakage occurred before a new roof might reasonably have been procured, but it also includes the difference between the amount of the cost of removing the roof put on by plaintiffs and the cost of a new roof to comply with the contract, if that amount exceeds the price fixed by the contract. I am of opinion that on the theory of the court that the defendant rejected the roof a new trial on his counterclaim should be ordered.