MILES HOMES, INC., Appellant, v. STARRETT, Respondent.

*March 4—March 31, 1964.*

For the appellant there was a brief and oral argument by *Cletus D. Howard* of Eau Claire.

For the respondent there was a brief and oral argument by *Warren Winton* of Shell Lake.

FAIRCHILD, J. 1. *Performance of the contract.* The findings of the circuit court, quoted in the statement of facts, are not against the great weight and clear preponderance of the evidence. Thus the only question is whether the court could properly conclude that the contract was not substantially performed.

The defects found by the court involved every important element of the building, its walls, doors, floor, and roof and

were of a character which, under the evidence, the court could consider substantial and important. The sum of money reasonably required to rebuild the garage into compliance with the contract equaled 36 percent of the contract price.

We have said: "No mathematical rule relating to the percentage of the price, of cost of completion, or of completeness can be laid down to determine substantial performance of a building contract." [1] In cases where this court has approved a finding of lack of substantial performance, the amount necessary for proper completion has been a smaller percentage of the contract price than the 36 percent involved in this case. [2]

This court has also said: "To recover upon an uncompleted entire contract on the claim of having substantially, but not fully, complied with its terms, the contractor must have made a good-faith effort to perform and satisfied substantially the promises and agreements made by him." [3]

Although the circuit court made no specific finding that Miles did not make a good-faith effort to perform, such finding may be implied from the conclusion that there was no substantial performance, and there is evidence to support it. As previously noted, certain requirements in addition to standard specifications were written into the printed form of contract. Miles did not provide its carpenter with a copy of the contract, and at least two of the deficiencies were failures to perform these special terms. After complaints were made, Miles made no substantial effort to remedy them.

The record supports the conclusion reached by the trial court, and Miles was not entitled to any lien.

[1] *Plante v. Jacobs* (1960), 10 Wis. (2d) 567, 572, 103 N. W. (2d) 296.

[2] *Whalen v. Eagle Lime Products Co.* (1913), 155 Wis. 26, 143 N. W. 689; *Nees v. Weaver* (1936), 222 Wis. 492, 269 N. W. 266.

[3] *Nees v. Weaver, supra,* p. 495, footnote 2. See Anno. 107 A. L. R. 1405.

2. *Claim of error in receipt of evidence.* Miles objected to a newspaper advertisement of a Miles double garage for a price of $888. Mr. Starrett testified that this advertisement had interested him in talking with Miles about building a garage. His counsel offered it on the theory that it tended to show that the special requirements inserted in the contract were reflected in the $382 difference between the advertised price and the contract price. The circuit court made reference to this advertisement in suggesting, in a memorandum, that the Miles employees on the job had not seen the contract and did not know whether Starrett "ordered an $888 garage or a $1,250 garage." Miles points out that it was not established that the advertised garage may not have been available in Washburn county, Wisconsin, at the price advertised in a newspaper in St. Paul, Minnesota. In any event, we find no prejudicial error.

3. *Recovery of money judgment for unjust enrichment.* After judgment, Miles moved for a new trial so as to recover the reasonable value of its services. Miles did not appeal from the order denying the motion, and although the motion and order have been transmitted here as part of the record, the merits thereof have not been argued by respondent Starrett so as to be before us by waiver.[4] Miles has no standing, as a matter of right, to seek reversal or modification of the judgment. Miles' efforts have, however, conferred a benefit upon Starrett, and, in the interest of justice, Miles should have an opportunity to offer proof upon a theory of restitution.

The applicable rule is found in *Valentine v. Patrick Warren Construction Co.*[5] dealing with restitution for benefit conferred by a defaulting contractor. Miles should be per-

[4] See sec. 274.11 (4), Stats.; *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 124 N. W. (2d) 609, and *Estate of Burns,* ante, p. 175, 127 N. W. (2d) 239.

[5] (1953), 263 Wis. 143, 165, 56 N. W. (2d) 860.

mitted to establish the reasonable value of the garage as built. Starrett has already established that it was necessary to spend $462.60 to put the garage into the condition called for by the contract. He apparently does not claim that Miles' failure caused him other damages. Miles would be entitled to a money judgment for the reasonable value of the garage as built, but in no event more than $807.40, the contract price reduced by $462.60.[6] Under the circumstances of this case where the relief being given to Miles is so wholly a matter of grace, Starrett should have the benefit of the costs already awarded in the trial court, and should be allowed to tax costs on this appeal.

Starrett should have the option of terminating this case by consenting to a judgment against him for $686.10, without costs. This figure represents the contract price ($1,270) reduced by $462.60, and further reduced by $121.30, the costs originally taxed in circuit court. Under our decision, Miles could not recover a greater sum in any event. Starrett may exercise his option by filing a written consent with the clerk of circuit court within ten days after the return of this record.

*By the Court.*—Insofar as the judgment denies plaintiff a foreclosure of a lien, it is affirmed. In other respects it is reversed, and cause remanded for further proceedings in accordance with the opinion. Respondent may tax costs on appeal.

---

[6] Since the obligation does not arise under express agreement, there can be no lien under sec. 289.01, Stats.; see sub. (4); Greenquist, The Doctrine of Unjust Enrichment As it Affects Mechanic's Lien Foreclosures, 34 Wisconsin Bar Bulletin (February, 1961), p. 39.