JANSEN, Respondent, v. VILS, Appellant. *

*February 28—April 11, 1967.*

* Motion for rehearing denied, with costs, on June 6, 1967.

For the appellant there was a brief by *Esler & Green* of Kaukauna, and oral argument by *John E. Esler.*

For the respondent there was a brief by *Herrling, Lathrop & Myse,* attorneys, and *Gordon Myse* of counsel, all of Appleton, and oral argument by *Gordon Myse.*

HANLEY, J. The following issues are raised on this appeal:

1. Did the court commit error prejudicial to the rights of the defendant?

2. Was the conduct of counsel for the plaintiff improper?

3. Is there sufficient evidence to support the verdict of the jury?

At the impaneling of the jury, because of the illness of one of the jurors, there remained an insufficient number of jurors to permit each party three peremptory challenges as provided by statute. The trial court asked for recommendations as to the method of handling this situation fairly. Counsel for defendant suggested that the court strike the odd juror after the parties had exercised two peremptory challenges. The court excused a woman juror who stated that she knew the defendant slightly.

Counsel for defendant contends the court should have made the strike on an impartial basis, such as removing the last juror called or inquiring as to whether any panel member had some good reason for wishing to be excused.

We find no merit to counsel's argument. If he wanted it done in the above-described manner, he could have so stipulated with opposing counsel. Defendant waived his right to three peremptory challenges when he made no objection to the court's strike at the time it was made. Certainly it was not an abuse of discretion to strike the only juror who had an acquaintanceship with one of the parties.

Defendant claims error on the part of the trial court for sustaining an objection to one of appellant's questions on cross-examination.

Defendant's counsel was cross-examining expert witness Carl Zuelzke, a realtor and builder. Zuelzke had testified on direct examination that it was his opinion that a proper remedy had been used to correct contractor Jansen's error and that there was no remaining effect on the rest of the home except for appearance.

On cross-examination attorney for the defendant asked whether the witness had seen a new home built on a similar basement. Objection to this question was sustained on the grounds that what occurred in another basement at some other time was not relevant to the issues of this case. The question was repeated, and the witness testified that a home on Greenfield street in Appleton had a basement two inches off level. When counsel attempted to go into detail as to the home on Greenfield street, the court again ruled that such testimony was not relevant.

If defendant was hoping to discover on cross-examination of the plaintiff's expert witness that this was a similar situation and that the cost of repairs was great, it would still be irrelevant. The testimony would only be

relevant insofar as it related to the question of the damage to that particular house. The location of this house could have no significant bearing on this witness' testimony. The real thrust of Zuelzke's testimony was his opinion as an expert as to the effect of the error on Vils' home. Certainly if any error occurred, it was not prejudicial and did not warrant a new trial. The "harmless error" rule under sec. 274.37, Stats., would be applicable.

Defendant Vils contends the trial court erred in three respects in its instruction to the jury. The first of these errors involved the court's instruction that the principal contractor, in this case the owner, has a duty to guard against mistakes and that the jury may determine whether either party failed to so do. Vils admitted that he was the general, or principal, contractor in this construction. The instruction was proper and could in no way have prejudiced the rights of the defendant.

Defendant's counsel failed to object to this instruction either at trial or upon motions after trial. Failure to object constitutes a waiver of the objection. See *Doolittle v. Western States Mut. Ins. Co.* (1964), 24 Wis. (2d) 135, 128 N. W. (2d) 403.

The second error in instructions alleged relates to the court's instruction as to "substantial correction." The court said:

"If you find that the plaintiff, Mr. Jansen, substantially corrected the mistake by the method he chose to level the wall, then you can find for the plaintiff. If you find that the plaintiff did not correct the mistake properly, and should have been corrected as the defendant claims, then you can find for the defendant."

This instruction placed in its proper context with the other instructions was clearly proper. Again this instruction was not questioned in the trial court, and defendant cannot raise the question on appeal for the first time.

The last error alleged in the court's instructions concerns the court's advising the jury that they were to dis-

regard the fact that the garage was placed two feet beyond the setback.

The pleadings and the evidence disclose that this matter was waived, and the court's instruction under these circumstances was proper.

Next, defendant contends the conduct of plaintiff's counsel was so improper that a new trial is warranted. The claim is made that counsel for the plaintiff communicated with a juror in regard to the comfort of that juror. This is emphatically denied. Counsel for plaintiff states he overheard a juror comment on the inability to hear the testimony and that he inquired further of the juror to make sure he heard correctly. Counsel then asked the court to instruct the witnesses to speak more loudly. This incident occurred in the presence of both counsel. Counsel for the defendant made no objection to the court and thereby waived any objection.

In the case of *Wetzler v. Glassner* (1925), 185 Wis. 593, 598, 201 N. W. 740, this court said:

"If the defendant felt that the occurrence complained of was prejudicial to his rights, it was his duty to have the same brought immediately to the attention of the court. To take advantage of the verdict if it is in his favor and to attack its efficacy if it is against him is to attempt to speculate for his own benefit upon the outcome of the proceedings. Where misconduct or improprieties are brought to the attention of counsel during the course of the trial, it is the duty of counsel to immediately present the matter to the court if it is deemed to be in any way prejudicial. . . ."

Plaintiff agrees with defendant that at one point in his counsel's argument to the jury he improperly stated that he had personally visited Vils' home and found it to be solid and level. The trial court immediately stopped this argument and advised the jury to disregard it. Counsel then apologized to the jury. No motion for mistrial was made on behalf of the defendant.

In *Smith v. Rural Mut. Ins. Co.* (1963), 20 Wis. (2d) 592, 605, 123 N. W. (2d) 496, this court said:

"A motion for a new trial upon the ground of improper conduct of counsel in making statements before the jury is addressed to the discretion of the trial court. *Klein v. State Farm Mut. Automobile Ins. Co.* (1963), 19 Wis. (2d) 507, 510, 120 N. W. (2d) 885. . . . It was within the trial court's discretion to allow the trial to proceed and at the conclusion of the trial determine whether the improper references to and comments upon the settlement had produced prejudice as reflected in the verdict. Prejudice, if any existed, would then manifest itself and the court could then right the matter by ordering a new trial. *Roeske v. Schmitt* (1954), 266 Wis. 557, 572, 64 N. W. (2d) 394."

In the instant case the trial court intervened, but allowed the trial to proceed, and later, after reflection, determined that no prejudice occurred. The trial court did not abuse its discretion in denying appellant's motion for a new trial.

Counsel for appellant Vils, although claiming prejudice, has not in any manner substantiated such a claim.

Defendant's last contention is that there was not sufficient evidence for the jury to find that the plaintiff substantially performed the contract.

Unless there is substantial performance there can be no recovery by the contractor in a suit for *quantum meruit*. *Nees v. Weaver* (1936), 222 Wis. 492, 269 N. W. 266. Here it was made very explicit by the trial court in its instructions in regard to "substantial correction" that there could be no recovery without substantial performance of the contract.

The testimony of witnesses for both the plaintiff and defendant established that the home was erected on a level and solid foundation. The only effect of the construction error made by the plaintiff is a ridge across the top course of blocks where the brick and mortar were inserted to bring the home level.

The expert witness, Zuelzke, testified that the sum of $300 would be adequate to cover the basement walls with paneling; and, if done, the home would appreciate in value about $500.

There was defense testimony to the effect that raising and lowering the house, removing the plaster, putting in metal shims, paneling the walls, tiling the floor and ceiling would cost $2,955. The credibility of the witnesses was for the jury, and there is ample evidence to support its implied finding that there was no necessity for additional repair as claimed by the defendant.

Through its instructions the trial court, in substance, asked the jury to determine whether or not the defect could be corrected without reconstructing a substantial part of the building. Upon a determination of the fact question the jury, pursuant to instructions, was to apply the proper rule of damages.

The court instructed the jury as to both substantial performance and diminished value rules. The testimony of the witness Zuelzke established that the error once covered would have no effect on the value of the home.

In regard to the test to be applied in measuring damages in building contract cases, this court in *De Sombre v. Bickel* (1963), 18 Wis. (2d) 390, 398, 118 N. W. (2d) 868, said:

". . . The general principle regarding the measure of damages for defects and omissions in the performance of building contracts is simply that the party is entitled to have what he contracts for or its equivalent. What may be an equivalent depends upon the circumstances of the case. . . . Where defects are such that they may be remedied without destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent is sometimes held to be the cost of making the work conform to the contract. However, as pointed out in the *Plante Case* where, in order to conform the work to the contract requirements, a substantial part of what has already been done must be undone and the contractor has acted in good faith as found in this case, the owner is not permitted to

recover the cost of making the change under the cost-of-repairs rule but his damages are confined to a recovery of the difference in value."

We conclude that the evidence supports the jury's verdict and that there is no merit to defendant's arguments alleged as grounds for a new trial.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.