KREYER, d/b/a R. J. KREYER CONSTRUCTION COMPANY, Plaintiff and Respondent, v. DRISCOLL and wife, Defendants and Appellants: McMAHON, Defendant and Respondent.*

*No. 222. Argued June 3, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 680.)

---

* Motion for rehearing denied, without costs, on September 6, 1968.

For the appellants there was a brief and oral argument by *Frank X. Kinast* of Beloit.

For the respondent there were briefs by *Grutzner & Jaeckle* of Beloit, and oral argument by *Edward Grutzner*.

HALLOWS, C. J. The plaintiff complains the findings of fact as to terms of the building contract are in error because they omit: (1) The plaintiff was to receive payment in four draws as the job progressed; (2) he was to use the draw money only for Driscolls' house; and (3) the plaintiff was to submit lien waivers to show for what he had used the draw money. The record is voluminous and contains much evidence relating to these three issues. The evidence is conflicting but it does appear the plaintiff was to receive payment in four draws on condition that he submit waivers of liens as a condition precedent to drawing on the mortgage money of the Driscolls after the first instalment payment. Some of the liens presented stated amounts in excess of that actually paid the subcontractors and some were for amounts in excess of material furnished. Apparently some of the money was used to pay bills other than for material used in Driscolls' house.

It is not material in the view we take of this case whether findings on this issue were made. We point out, however, that the Driscolls did not request the findings they now claim should have been made. The trial court

found the plaintiff duly performed all the conditions of the contract with the exception of the defective work and the delay. The evidence does not sustain this finding in respect to the completion of the home.

The trial court thought the plaintiff substantially performed the contract because only $4,650 of uncompleted work remained at the time the plaintiff and the Driscolls reached an impassé. The trial court also concluded the Driscolls looked to the plaintiff to continue the contract and did not rescind it. We do not think that rescission is a necessary condition precedent to a defense to substantial performance. The Driscolls were dissatisfied with the plaintiff's performance and notified him. They could accept so much of the work as the plaintiff performed without waiving full performance. *Manthey v. Stock* (1907), 133 Wis. 107, 113 N. W. 443. If the Driscolls had valid grounds to rescind the contract, that would have precluded substantial performance of the contract and required the plaintiff to sue in *quantum meruit*. However, failure to rescind does not make performance substantial which is unsubstantial.

The doctrine of substantial performance is an equitable doctrine and constitutes an exception in building contracts to the general rule requiring complete performance of the contract. To recover on an uncompleted construction contract on a claim of having substantially, but not fully, performed it, the contractor must make a good faith effort to perform and substantially perform his agreement. *Nees v. Weaver* (1936), 222 Wis. 492, 269 N. W. 266. This doctrine of substantial performance was explained and the cases discussed in *Manthey v. Stock, supra,* and further explained and cases discussed in *Plante v. Jacobs* (1960), 10 Wis. 2d 567, 103 N. W. 2d 296, and in *De Sombre v. Bickel* (1963), 18 Wis. 2d 390, 118 N. W. 2d 868. The more recent cases involving the doctrine of substantial performance are *Miles Homes, Inc. v. Starrett* (1964), 23 Wis. 2d 356, 127 N. W. 2d 243,

and *Jansen v. Vils* (1967), 34 Wis. 2d 332, 149 N. W. 2d 551. In *Miles Homes* the faulty construction of a garage was such this court held the contract was not substantially performed. In *Jansen* the faulty foundation of a house was such an error as could be easily corrected and the court found substantial performance.

Most of the cases considering the doctrine of substantial performance involved defective work or work contrary to the terms of the contract which required substantial amounts of money to conform the work to the terms of the contract. In some cases, while the work was completed the performance of the subject of the contract did not meet the object and purpose of the contract. In the present case, we have on the findings of the court only an incompleteness in respect to the construction work and a cost of completing the dwelling to the owner which was readily ascertainable. Such a case by its nature presents a less difficult case of substantial performance than those involving defective work or inability of the subject matter to meet performance standards. But we should not consider as controlling the fact that the owner can obtain all he contracted for by self-help and by the expenditure of money.

Here, the defendant considered he had to take an active part in finishing the house because he could not trust the plaintiff to complete the house free of liens because of his prior conduct. We think the owner has a right to contract for the completed structure or work and in the building of a house the contract price pays for the relief from trouble and personal effort on the part of the owner in respect to building. Consequently, a dispensation in favor of the contractor on the theory of substantial performance should be granted in cases of incompleteness only when such details are inconsiderable and not the fault of the contractor. *See Manthey v. Stock, supra.*

The court made no finding on the good faith of the plaintiff and if we presume an affirmative finding on that question was impliedly made, we still do not consider it a saving grace because the plaintiff did not construct the house to the point of completeness which could be called substantial performance. In *Plante v. Jacobs, supra,* at 572, we stated, "No mathematical rule relating to the percentage of the price, of cost of completion, or of completeness can be laid down to determine substantial performance of a building contract." At that time there remained to be done: Approximately one half of the plumbing at a cost of $800; one half of the electrical work at a cost of about $800; one half of the heating at a cost of about $800; one half of the tile work at a cost of about $1,500; and all the linoleum at a cost of $560; and about one fourth of the decorating.

We do not think a contractor who leaves this much work unfinished has substantially complied with his contract to completely build a home according to plans and specifications. It may be true that he should not be denied compensation, but neither should he be entitled to recover on the contract for substantially complete performance. We think the trial court was in error in granting recovery on the theory of substantial performance, but the plaintiff has a cause of action to be reimbursed for his services and material on the theory of *quantum meruit.* See *Plante v. Jacobs, supra.*

In *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. 2d 860, the rule was laid down in respect to restitution in favor of a plaintiff who is in default. In this case we adopted the rule found in Restatement, 2 *Contracts,* pp. 623, 624, sec. 357 (1), which provides that where a defendant justifiably refuses to perform his contract because of the plaintiff's breach but the plaintiff has rendered part performance which is of a net benefit to the defendant, the plaintiff can get judgment with some exceptions for the amount of

such benefit in excess of the harm he has caused the defendant by his breach but in no case exceeding a ratable proportion of the agreed compensation. Under this rule, the defendant with knowledge of the plaintiff's breach must assent to the rendition of the part performance or accept the benefit of it. This is what the trial court found the Driscolls did by not rescinding the contract.

Illustration 3 to this rule is on all fours with the facts of this case and the computation made by the trial court is the computation which would be made under this section. The same rule as stated in 5 Williston, *Contracts* (rev. ed.), pp. 4140–4144, secs. 1482, 1483, is that the true measure of quasi-contractual recovery where the performance is incomplete but readily remedial is the unpaid contract price less the cost of completion and other additional harm to the defendant except that it must never exceed the benefit actually received by the defendant. This is the net benefit by which the defendant is enriched.

In this case the Driscolls have a house which now meets the conditions of the contract with adjustments made for delay in performance and for minor faulty work. It would be unjust to allow them to retain the $10,967.81. They should not receive a windfall because of the plaintiff's breach. It is immaterial to the Driscolls whether subcontractors are paid or not. There are no valid liens against their home and their agreement was not a third-party-beneficiary contract for subcontractors. The trial court found the dwelling was reasonably worth the purchase price and thus the amount found due the plaintiff by the court does not exceed the benefit actually received by Driscolls. It would be useless to send this case back for a retrial which would reach the same result on the facts found. We therefore hold the amount of the judgment found by the lower court was not justified on the theory of substantial performance but is justified on the theory of *quantum meruit* or restitution.

On the cross appeal the plaintiff asks for interest on the amount of the judgment, but recovery is not now on the contract and this question is moot. In equity the plaintiff is not entitled to interest and, likewise, neither party should have costs on this appeal.

*By the Court.*—Judgment affirmed; costs denied to both parties.