VOIGHT, d/b/a Ray Voight Building Service, Respondent, v. NANZ, d/b/a Nanz Realty, Appellant.

*No. 244. Submitted November 28, 1973.—Decided January 21, 1974.*
(Also reported in 213 N. W. 2d 749.)

712

For the appellant the cause was submitted on the brief of *A. Warren Cahill* of Waukesha.

For the respondent the cause was submitted on the brief of *Duane G. Philis* of Neenah.

WILKIE, J. The sole issue on this appeal is whether the trial court erred in denying the defendant's motion for directed verdict.

The verdict was submitted to the jury in the form of a single question as to how much money was owed to the plaintiff by the defendant. Neither party objected to the form of the verdict. Nor were any objections made on the record to any of the instructions given to the jury. The defendant on appeal claims that on the evidence adduced at the trial he was entitled to a directed verdict that he owed the plaintiff $2,277.16.

"[A] verdict should only be directed against a plaintiff where plaintiff's evidence, given the most favorable construction it will reasonably bear, is insufficient to sustain a verdict in plaintiff's favor." [1] The trial court ruled that it was a question for the jury as to which of the parties breached this contract. The defendant moved for directed verdict at the end of the plaintiff's evidence stating that the plaintiff's testimony did not show that the defendant at any time breached the contractual agreement.

The undisputed testimony shows that the plaintiff discontinued work on the defendant's apartment building before all the work called for under the written contract was completed and at a time when certain billings which had been rendered by the plaintiff to the defendant had not been paid by the defendant. The trial court was correct in concluding that it was an issue for the jury to decide on the evidence presented which of the parties breached the contract.

In American Jurisprudence it is stated that:

"Whether the wrongful withholding by the owner of amounts due under the terms of a building or construction contract is an excuse for nonperformance on the part of the contractor depends upon whether the contract so provides or whether, in the absence of such a provision, such conduct prevents performance." [2]

And in Corbin on Contracts it is said:

"Although a builder may be privileged to suspend work, or even to renounce the contract, by reason of the nonpayment of an instalment, he is not required by the law to do either one. If he wishes to do so, he may proceed with the work, treating the nonpayment as a mere

[1] *Quality Lumber & Coal Co. v. Kemp* (1970), 46 Wis. 2d 621, 624, 176 N. W. 2d 401; *Wallow v. Zupan* (1967), 35 Wis. 2d 195, 198, 150 N. W. 2d 329.

[2] 13 Am. Jur. 2d, *Building and Construction Contracts*, p. 66, sec. 62.

partial breach. He may get judgment for the amount that is due; or he may wait until completion and sue for the full price with damages for the delay in payment." [3]

There is no doubt that a breach of a contract may be waived. The contract in this case called for payment ten days after each billing. However, the plaintiff accepted the first two payments which were made more than ten days after billing and the plaintiff continued to work steadily on the contract until the end of January even though defendant was seriously late in paying several billings. If failure to comply with the provision as to time of payment would have justified the plaintiff in rescinding the contract, this conduct could be considered a waiver of the right to rely on the delay in payments as a ground for rescission.

In *Stolper Steel Products Corp. v. Behrens Mfg. Co.*[4] this court said:

" 'Even where time is made the essence of a contract, this provision may be waived by the party for whose benefit or protection it is inserted, either expressly or by extending the time for payment or performance or by granting indulgence to the other party in this regard; and when such a waiver has been made, he cannot arbitrarily and summarily declare a forfeiture of the contract for delay, but must first demand payment or performance and give the other party a reasonable time and opportunity, after such demand, to comply.' "

The defendant points out in his brief that the plaintiff never made written demand for payment, fixing a date after which he would consider the contract terminated. However, the *Stolper Case* does not state that such notice or demand must be in writing and the defendant's brief

---

[3] 3A Corbin, *Contracts*, p. 273, sec. 692.

[4] (1960), 10 Wis. 2d 478, 487, 103 N. W. 2d 683, quoting from 1 Black, *Rescission and Cancellation* (2d ed.), p. 623, sec. 219.

does not cite any authority for that proposition. The plaintiff testified he had notified Ned Lyke and Robert Nanz by telephone that he could not continue because of the late payments. The defendant offered to pay $2,000 and this offer was made contingent upon the acceptance of certain conditions as to future payment which differed from the terms of the original contract.

". . . So too, the refusal of one party to perform an executory contract unless the other party consents to a modification, as distinguished from a mere request for a modification, amounts to a total breach of the agreement." [5]

The plaintiff did not cite a demand for modification of the contract as a breach of the contract but rather alleged the failure to make payments as required by the contract as the breach on which the plaintiff based his refusal to continue.

We conclude that the evidence, viewed most favorably to the plaintiff, is not insufficient to support a verdict that the defendant had breached the contract between the parties by refusing to pay the periodic billings authorized by the contract.

Both parties in stating the question involved in their briefs refer to "substantial performance." The doctrine of substantial performance [6] is not involved in this case. The plaintiff is not suing for his full contract price alleging that he has substantially performed the contract.

[5] 17 Am. Jur. 2d, *Contracts*, p. 901, sec. 443. *See also: Stolper Steel Products Corp. v. Behrens Mfg. Co., supra,* footnote 4, at page 488; *Richards v. Manitowoc & Northern Traction Co.* (1909), 140 Wis. 85, 121 N. W. 937.

[6] *Kreyer v. Driscoll* (1968), 39 Wis. 2d 540, 159 N. W. 2d 680, states that a dispensation in favor of the contractor on the theory of substantial performance should be granted in cases of incompleteness only when such details are inconsiderable and not the fault of the contractor.

The plaintiff is suing in *quantum meruit* claiming the defendant breached his contract.[7]

*By the Court.*—Judgment affirmed.

---

[7] *See* 3A Corbin, *Contracts*, p. 274, sec. 693, for remedies of the contractor when the owner breaches a construction contract.