KRAEMER BROS., INC., a Wisconsin Corporation, Plaintiff,

v.

The PREPAKT CONCRETE COMPANY, a Foreign Corporation, and Michigan Mutual Liability Co., Defendants and Third-Party Plaintiffs,

v.

The ANDREWS CO., INC., a Wisconsin Corporation, and Sentry Excavating, Inc., a Wisconsin Corporation, Third-Party Defendants.

No. 73-C-233.

United States District Court, W. D. Wisconsin.

May 6, 1977.

Michael G. Laskis, Melli, Shiels, Walker & Pease, John C. Mitby, Axley, Brynelson, Herrick & Gehl, Madison, Wis., for plaintiff Kraemer Bros.

Daniel W. Hildebrand, Ross & Stevens, Madison, Wis., for Prepakt Concrete Co., Nos. 233 and 306 W.D.

Mark L. Korb, Campbell, Brennan, Steil & Ryan, Janesville, Wis., Donald C. Fellows, Wolfe, O'Leary, Kenney & Wolfe, Milwaukee, Wis., for The Andrews Co., Inc., Nos. 233 and 306 W.D.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action arose out of the collapse of a retaining wall constructed by the defendant Prepakt Concrete Company (Prepakt) for the plaintiff Kraemer Bros., Inc. (Kraemer). The plaintiff's claim for damages was tried to a jury on the theory of negligence, and the defendant's counterclaim was tried on the basis of substantial performance of its construction contract with the plaintiff. The jury found the plaintiff 75% negligent, found the defendant 25% causally negligent, and found that the defendant had substantially performed its contract obligations. After judgment was entered, Kraemer filed a motion for a new trial or to change the jury's special verdict answers and a motion to alter or amend the judgment. The former motion will be denied, and the latter motion will be granted so as to strike any allowance of prejudgment interest on the counterclaim.

## I. MOTION FOR A NEW TRIAL OR TO CHANGE ANSWERS

Kraemer urges that a new trial is required because of an "irreconcilable inconsistency" between the jury's assignment of 25% causal negligence to Prepakt and the jury's finding that Prepakt substantially performed under the construction contract. The plaintiff also contends that the finding of substantial performance was against the weight of the evidence. As an alternative form of relief, Kraemer requests that the jury's answer to the substantial performance question in the special verdict be changed from "yes" to "no."

■ I find no merit to the plaintiff's contention that there is an inconsistency between a finding of partial negligence and one of substantial performance of contract obligations. The jury was instructed that "substantial performance is not necessarily full performance or exact or literal performance in every slight or unimportant detail, but performance of all important details and performance of all essential terms." The plaintiff's motion initially challenged the giving of this instruction, but the plaintiff, in its briefs, withdrew a number of its points, apparently including this one. At any rate, I believe that the instruction accurately states Wisconsin law on the subject. *Kreyer v. Driscoll,* 39 Wis.2d 540, 544, 159 N.W.2d 680 (1968); *Nees v. Weaver,* 222 Wis. 492, 269 N.W. 266 (1936).

■ It is apparent that under this instruction, the jury could find that Prepakt performed the important details and essential terms of its contract with Kraemer, yet was negligent with respect to other details of the contract, or was negligent with respect to activities it may have undertaken in excess of its duties under the contract. This case is quite unlike those cited by the plaintiff in which juries assigned a percentage of total causal negligence to a party after finding that party not negligent. I find no inconsistency, either logical or practical, in the jury's verdict.

In support of its suggestion that the finding of substantial performance was contrary to the weight of the evidence, the plaintiff recounts the testimony of several of its witnesses regarding variations between the construction plans and the wall which was actually constructed. The plaintiff ignores the evidence presented by the defendant to the effect that certain variations were the unavoidable result of unforeseen soil conditions and that other variations were slight or unimportant.

The defendant presented evidence from which the jury could have found that it had not contracted to assume certain design and supervisory responsibilities; the jury could have found that any defects in design and supervision were therefore the responsibility of the plaintiff, the general contractor, and that those defects were the primary source of the wall's collapse. For example, evidence was presented to show that the

plaintiff's employees determined the location of the wall and of the individual pilings of which the wall was constructed. In view of all of the circumstances, I am unable to find that the jury's verdict on substantial performance was contrary to the evidence.

For the above reasons, the motion for a new trial or to change the jury's special verdict answers will be denied.

## II. MOTION TO ALTER OR AMEND THE JUDGMENT

The plaintiff contends that the defendant is not entitled to prejudgment interest on its counterclaim and seeks the modification of that portion of the judgment that provides for interest on the counterclaim from July 21, 1972. In its briefs, the plaintiff also urges that the burden of showing the value of the defendant's substantial performance was on the defendant and that the defendant failed to meet that burden. This contention, which was not raised in the motion itself, would challenge the entire judgment on the counterclaim, not just the prejudgment interest.

■ The amount of the defendant's recovery on the counterclaim was determined on the basis of the contract price; this was the proper basis since the plaintiff failed to submit any proof as to the amount of the reduction in the wall's value due to the defendant's substantial rather than complete performance. Wisconsin law has long placed the burden of proving the reduction in value from the contract amount on the owner or purchaser as a partial defense against a claim for the full price. *De Sombre v. Bickel,* 18 Wis.2d 390, 118 N.W.2d 868 (1963); *Mueller v. Burton,* 139 Wis. 384, 387, 121 N.W. 152 (1909). The plaintiff urges that this rule was reversed in *Stevens Construction Corp. v. Carolina Corp.,* 63 Wis.2d 342, 359, 217 N.W.2d 291 (1974), where in a discussion of the issue of whether prejudgment interest was available on a substantial performance claim, the court stated that the burden of proving the degree of substantial performance was on the contractor; thus, no sum certain could be ascertained until trial. However, the court

was there directly considering only whether the claim was liquidated in the contract amount, and the assignment of the burden of proof on the amount of the reduction in value was dictum. Indeed, the court not only failed to mention the long line of Wisconsin cases allocating the burden of proof to the owner or purchaser, but it actually cited *De Sombre, supra,* favorably in the discussion of substantial performance which immediately followed the passage cited by the plaintiff. Under these circumstances, I am unpersuaded that *Stevens* overruled the long-standing Wisconsin rule on the burden of proof. Accordingly, I find that the defendant is entitled to recover the unpaid contract amount on its counterclaim, as the judgment provides.

■ The preceding discussion of *Stevens* should indicate, however, that the plaintiff's contention as to prejudgment interest is correct. The defendant urges that since the plaintiff failed to submit proof at trial of any reduction in value due to the defendant's incomplete performance, the claim was liquidated. As *Stevens* notes, a claim for substantial performance implies *incomplete* performance, with a corresponding reduction in the recovery. While the plaintiff here failed to submit any proof at trial as to the amount of the reduction, "no sum certain could be ascertained until trial." 63 Wis.2d at 359, 217 N.W.2d 300.

Accordingly, the plaintiff's motion to alter or amend the judgment to strike prejudgment interest on the defendant's counterclaim will be granted.

## III. CONCLUSION

Therefore, IT IS ORDERED that the plaintiff's motion for a new trial or to change the jury's special verdict answers be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff's motion to alter or amend the judgment to strike prejudgment interest on the defendant's counterclaim be and hereby is granted.